MARGARET ALICE HANNIGAN, PETITIONER, v. DAVID GOLDFARB, T/A 20TH CENTURY CAB, RESPONDENT.

Essex County Court
Law Division

Decided April 15, 1959.

*Mr. Ferdinand J. Biunno,* attorney for petitioner.

*Mr. Mortimer Wald,* attorney for respondent.

GIULIANO, J. C. C. The parties to this workmen's compensation proceeding appear before this court pursuant to a remand from the Superior Court, Appellate Division. In order to better understand the issue to be resolved here, a review of antecedent proceedings is advisable.

On September 26, 1955 the petitioner's son, Donald Hannigan, was killed as a result of an automobile accident in the City of Newark. At that time the decedent was driving a taxicab owned by the respondent, David Goldfarb. The petitioner filed a dependency claim petition for compensation on July 23, 1956, to which answer was filed on October 19, 1956, and which was brought on for hearing before Deputy Director Maurice A. Kaltz on January 23, 25 and 28, and February 7, all in 1957.

The first three days of the above mentioned hearing were spent in adducing testimony primarily and almost exclusively concerned with whether or not a requisite situation of employment existed between Hannigan and Goldfarb. On January 28, 1957 Mr. Wald, counsel for the respondent, inferred that not only would a motion be made by him on the issue of employment, but also that "there were some aspects surrounding the occurrence of this accident which I [have] not completed investigating." At Mr. Wald's request, the case was continued. When the hearing was resumed

for the last time, on February 7, 1957, one John P. Brady was sworn on behalf of the respondent and was questioned as to toxicological studies he made of the organs of the decedent. The following colloquy ensued:

"The Deputy Director: What is the purpose of the witness here? Mr. Wald: I am going to establish, your Honor, that the death of this decedent was the approximate result of drunkenness.

The Deputy Director: Then you cannot do it. You have to plead it specially and you haven't. I sustain the objection."

At this time the respondent was unsuccessful in an attempt to amend the answer. On February 11, 1957, Deputy Director Kaltz rendered a previously reserved decision in favor of the petitioner.

Appeal of the deputy director's decision was prosecuted to this court. Thereupon, this court made an independent finding of fact that the decedent was not an employee of the respondent. The petitioner then appealed to the Appellate Division of the Superior Court and in a decision by Judge Edward Gaulkin, the judgment of this court was reversed. Judge Gaulkin said, in part:

"Though we have no New Jersey case on all fours with the one at bar, the holdings and the philosophy of the cases we do have dealing with the employer-employee relationship in general lead us to the conclusion that * * * the real question for solution here is, does Goldfarb 'engage merely in the leasing of taxicabs, or does he operate a line of taxicabs as a common carrier of passengers?' * * * (W)hen all factors are considered we think there can be little doubt Goldfarb is operating a line of taxicabs as a common carrier of passengers, and that while he has adopted this method of fixing the compensation of his drivers, they are nevertheless his employees. One cannot call these drivers 'independent contractors' or entrepreneurs without embarrassment." *Hannigan v. Goldfarb*, 53 *N. J. Super.* 190, 206, 207 (*App. Div.* 1958.)

The case was remanded to this court to consider the intoxication evidence issue as well as to

"* * * make findings of fact and conclusions of law * * * and enter judgment as it shall finally determine the case, not in-

consistent with this opinion." *Hannigan v. Goldfarb, supra,* **53** *N. J. Super* at *page* 208.

The first query then is whether or not evidence of the decedent's intoxication should have been admitted.

The respondent does not disagree with the petitioner's contention that the combined effect of *R. S.* 34:15–7 (*L.* 1911, *c.* 95, § 7) and *R. S.* 34:15–52 (*L.* 1936, *c.* 222, § 1(6)) is to require the defense of intoxication to be pleaded affirmatively. Rather, issue is joined on the question of whether an amendment as to such defense should have been allowed on the final hearing date before the deputy director. The respondent urges this court to order such an amendment and then remand the proceedings to the Workmen's Compensation Bureau for the taking of further testimony. The petitioner, on the other hand, would have this court enter final judgment in her behalf. The basic authorities cited before this court are the cases of *Erdo v. Stablin,* 11 *N. J. Super.* 305 (*App. Div.* 1951); *Stein v. Felden,* 17 *N. J. Super.* 311 (*App. Div.* 1952), and *O'Reilly v. Roberto Homes, Inc.,* 31 *N. J. Super.* 387 (*App. Div.* 1954). Of these, this court considers the *Stein* case to be the most relevant.

Speaking of the practice to be followed in workmen's compensation proceedings, the then Judge William J. Brennan, Jr., analyzed quite clearly the guiding principles to be applied. The following quotation indicates conclusively that, as to defenses, he considered the prime criterion to be fair notice.

"* * * The petitioner is entitled to fair notice of the defenses he will be called upon to meet at the hearing. Respondent's answer here merely denies that petitioner met with an accident arising out of and in the course of his employment. This hardly sufficed to put the petitioner on notice that respondent intended to rely on the defense of casual employment; indeed, petitioner could logically infer from the answer filed that he was not to be confronted with that defense as respondent affirmatively pleaded that petitioner was an independent contractor." *Stein v. Felden,* 17 *N. J. Super.* at *page* 315.

While the Appellate Court there held that "leave to amend should be granted with considerable liberality," and in fact affirmed the order permitting amendment, that case is distinguishable from the instant matter. In *Stein v. Felden* the court stated:

"Plainly, petitioner cannot .be heard to complain that the defense of casual employment was improperly considered in the lower tribunals. In the circumstances presented the mere absence of a formal amendment to the answer does not support his contention. He had ample notice of respondent's reliance upon the defense and that the continuance for over a month was to afford respondent the opportunity to adduce testimony in support of it. Petitioner too might have utilized that period to prepare to meet the defense and, on the adjourned day, to present testimony to refute it. Thus, no prejudice to petitioner is shown requiring the intervention of this court." 17 *N. J. Super.* at *pages* 316–317.

Here, however, the petitioner had no warning of the defense of intoxication until the proceedings were one short step to completion, 17 months after the accident and seven months after the petition was filed. The issue was not tried "informally," for timely objection was made. *Cf. Giambattista v. Thomas A. Edison, Inc.,* 32 *N. J. Super.* 103 (*App. Div.* 1954), *Mitchell v. Mucon Corp.,* 51 *N. J. Super.* 208 (*Cty. Ct.* 1958). Upon near-completion of its defense, a party, albeit a party in a workmen's compensation court where niceties of pleadings have never been required, who has proceeded throughout on one issue, will not be permitted to then suddenly present a totally new attack.

This court, after consideration of all the arguments of respondent's counsel and examination of the authorities relied upon, determines that the amendment and remand will not be ordered and the respondent's request is therefore denied.

The second phase of this case now presents itself—the findings of fact and law relating to this appeal. The respondent's notice of appeal, filed with the clerk of this court June 5, 1957, gives notice of appeal "from the whole of the judgment of the Workmen's Compensation Division."

While the respondent does not argue issues other than those of intoxication evidence, decided above, and the issue of employment, determined by the Appellate Division, *Hannigan v. Goldfarb, supra,* this court has studied the transcript and, by exercise of its "new mind," holds that the petitioner has sustained her burden of proof of an accident arising out of and in the course of decedent's employment with the respondent by the required preponderance of the probabilities. *Green v. Simpson & Brown Construction Co.,* 14 *N. J.* 66 (1953); *Gilligan v. International Paper Co.,* 24 *N. J.* 230 (1957); *Kream v. Public Service Coordinated Transport,* 24 *N. J.* 432 (1957). See also, *Macko v. Herbert Hinchman & Son,* 24 *N. J. Super.* 304 (*App. Div.* 1953); *Gilligan v. International Paper Co., supra.*

An appropriate order may be submitted.