634 P.2d 696

**Ranald MOSHER, Plaintiff-Appellee,**

v.

**BITUMINOUS INSURANCE CO., Insurers, Defendant-Appellant,**

**and**

**Justis Supply Co., Inc., Employer, and New Hampshire Insurance Group, Defendants.**

**No. 5069.**

Court of Appeals of New Mexico.

Sept. 24, 1981.

John E. Schindler, Palmer & Frost, P. A., Farmington, for defendant-appellant.

Benjamin S. Eastburn, Hynes, Eastburn, Hale & Palmer, Farmington, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Bituminous Insurance Company appeals an award of total disability to Ranald Mosher under the Workmen's Compensation Act.

On October 20, 1979, while in the course of his employment for Justis Supply Co., Ranald Mosher fell down a stairway. He injured several parts of his body, including his back. Mosher went to Dr. Coats, who ordered x-rays and prescribed medication for Mosher. Mosher filed an accident report with Justis. The medical costs resulting from the accident were paid by New Hampshire Insurance Group, the workmen's compensation carrier for Justis at that time. Justis changed its workmen's compensation carrier to Bituminous Insurance Company on November 15, 1979.

Mosher continued to suffer symptoms from this accident, although he was able to work. On December 12, 1979, again while in the course of his employment with Justis, Mosher was delivering a carton of welding gloves to a power plant. When he lifted the carton from the back of a pickup and turned, he heard a clicking noise in his back, immediately experienced severe pain in his back and left leg, and fell to the ground. When he returned to Justis, his supervisor had already left.

The following day, Mosher went to Dr. Coats, who put him on bed rest and then hospitalized him. Mosher tried to return to work, but was unable to handle it, so Dr. Coats referred him to Dr. Welch, a neurosurgeon. Dr. Welch performed surgery on Mosher's back. Mosher was never able to return to work after surgery. Mosher spoke with his supervisor at Justis regularly after the December 12, incident, and kept him informed of his condition.

Dr. Welch testified at trial that the second injury was the cause of Mosher's disability, and the trial court adopted Dr. Welch's opinion. Finding No. 6 states that "Dr. Welch specifically relates to the second injury as being the one that precipitated Plaintiff's disability, to a reasonable medical probability."

Bituminous appeals the judgment in favor of Mosher, arguing that Mosher did not give notice to Justis of the second *accident.* Section 52–1–29, N.M.S.A.1978, states:

A. Any workman claiming to be entitled to compensation from any employer shall give notice in writing to his employer *of the accident and of the injury* within thirty days after their occurrence; unless, by reason of his injury or some other cause beyond his control, the workman is prevented from giving notice within that time, in which case he shall give notice as soon as may reasonably be done, and at all events not later than sixty days after the occurrence of the accident.

B. No written notice is required to be given where the employer or any superintendent or foreman or other agent in charge of the work in connection with which the accident occurred had actual knowledge of its occurrence.

The trial court made the following Finding No. 9 pertaining to notice:

Notice of both injuries was had by the employer in writing; the first with an Employer's First Report of Injury, and the second by virtue of Equitable Insurance forms filled in by the Plaintiff and delivered to the employer. Moreover, as to the second injury, knowledge of same was admitted by Mr. Pousson, the Plaintiff's immediate supervisor and in light of the nature of the injuries, the Plaintiff is not to be required to be so sophisticated in medical knowledge as to distinguish between the two injuries when symptoms of the first continued through the time of the second.

Bituminous challenges the above-quoted finding on grounds that the court did not find notice of the second accident, so the requirements of § 52–1–29 were not met. This challenge is answered in two ways:

■ 1. Finding No. 9 is not entirely clear as to the second accident. However, it is proper for this court to review all the evidence to clarify or construe this finding. *Heisel v. York,* 46 N.M. 210, 125 P.2d 717 (1942). The testimony shows that the plaintiff verbally reported the accident and injuries to his supervisor and kept in touch with him when he was in the hospital. There is substantial evidence in the record of actual notice of the second accident.

■ 2. The defendants requested a finding of no notice of the second accident. Proof of notice in a workmen's compensation case is not essential to establish liability. It is an affirmative defense asserted by the employer, which the employer must prove. In this case the trial court refused the defendants' requested finding. This refusal is deemed a finding against the defendants. *Lopez v. Barboa,* 80 N.M. 338, 455 P.2d 842 (1969); *Gallegos v. Wilkerson,* 79 N.M. 549, 445 P.2d 970 (1968); *H. T. Coker Const. Co. v. Whitfield Transp., Inc.,* 85 N.M. 802, 518 P.2d 782 (Ct.App.1974). The remaining question is whether there is substantial evidence to support a finding of notice of a second accident.

■ The following testimony by Mosher appears in the transcript:

Q. And after you got back from the doctor you are talking about that same day now?

A. No sir, it was the next day.

Q. O.K. next day you called in and said you were hurt and related it to an accident you had on the job, is that right?

A. That's correct.

Q. And at all times after that did you tell Mr. Pousson that same thing, I mean that you weren't working because of injuries?

A. That's right.

Q. When you talked to Mr. Pousson after Dec. 12th did you give him the specifics about the Dec. 12th incident where you were and what you were doing. What did you tell him?

A. I told him that I had made a delivery to the power plant and in the process of taking the box of gloves out of the back I had severe pain in my back, I fell and came back.

Q. When did you tell him this?

A. It was the next day because it was by the time I got back Mr. Pousson had already gone home and the shop was pretty well ready to close.

Q. You told him on the 13th of December?

A. That's correct.

Mosher also testified that he was in frequent contact with his supervisor concerning his condition between December 12 and December 20, and that he reported the results of Dr. Welch's examination to his supervisor. Doris Newberry, an employee of Justis, helped Mosher fill out insurance forms confirming disability.

The verbal report by Mosher of the second accident and injury to his supervisor, coupled with the ongoing contact with his supervisor regarding his condition, satisfies the requirement of actual knowledge of the second accident under § 52–1–29. *Waymire v. Signal Oil Field Service, Inc.*, 77 N.M. 297, 422 P.2d 34 (1966); *Lozano v. Archer*, 71 N.M. 175, 376 P.2d 963 (1962); *Rohrer v. Eidal International*, 79 N.M. 711, 449 P.2d 81 (Ct.App.1968).

Judgment is affirmed and plaintiff is allowed $1500 for attorney fees on this appeal.

IT IS SO ORDERED.

HENDLEY and SUTIN, JJ., concur.