729 P.2d 1366

**Ike BEYALE, Sr., Plaintiff-Appellee,**

v.

**ARIZONA PUBLIC SERVICE COMPANY, Self-insurer, Defendant-Appellant.**

No. 8758.

Court of Appeals of New Mexico.

July 17, 1986.

Byron Caton, Tansey, Rosebrough, Roberts & Gerding, P.C., Farmington, for defendant-appellant.

Bruce P. Moore, Moscow, Idaho, Randall S. Roberts, Roberts & Jolley, P.C., Farmington, for plaintiff-appellee.

## OPINION

MINZNER, Judge.

Defendant appeals an award of workmen's compensation benefits, claiming (1) the trial court erred when it refused to allow defendant to argue that plaintiff did not give notice of the alleged accident pursuant to NMSA 1978, Section 52–1–29, when the issue was raised for the first time on the morning of trial; and (2) that the award is not based on substantial evidence. We affirm.

### Facts and Procedural Background

In 1980, plaintiff was employed as a lubrication man by defendant at its power plant located in San Juan County. He had worked for defendant for eighteen years.

Plaintiff testified that on March 27, 1980, he got up and drove to work feeling fine. He started off to grease his first piece of machinery. Because the elevator was not working, he walked up five flights of stairs. Arriving at the machinery, he was out of breath. He was bent over an I-beam, reaching with both hands in front of him to attach the nozzle of his lubricating gun to a piece of machinery, when he felt a pain in his body. He tried to walk away the pain but could not.

When the pain still did not go away, plaintiff went to the nurse's station. He told the nurse that something was wrong, but he did not go into detail. Eventually, he was taken to the hospital in an ambulance.

There was testimony at trial that plaintiff told the first doctor who treated him that he had experienced pain upon waking that morning and suffered severe pain on his way to work. Plaintiff, however, testified that he did not remember making this statement.

Plaintiff's doctor referred him to Dr. Haines, a neurosurgeon, when plaintiff began to lose function in his right leg and bladder. The surgery revealed a congenital abnormality; plaintiff had large veins wrapped around his spinal cord which were susceptible to rupture. These veins had ruptured, and blood leaked into the spinal canal.

After the initial surgery, plaintiff was released to light duty work. He worked for about a month and then on August 12, 1980, fell at work, injuring his back. After several days at work, he went back to the hospital, and an infection was discovered. Plaintiff was hospitalized again in September for an infection. As a result of the infections, plaintiff experienced low back pain and leg weakness.

The complaint was filed in March 1982. Defendant's answer contained a general denial and, additionally, raised two affirmative defenses. Following extensive discovery and a number of continuances, the matter came on for trial in April 1985. At the beginning of trial, defendant stipulated that plaintiff was totally disabled and had been since August 17, 1980.

During its opening statement, defendant announced that it would no longer rely on one of the defenses contained in its answer but rather would raise the issue of notice. Plaintiff objected, claiming failure to give notice was an affirmative defense, *see Mosher v. Bituminous Ins. Co.*, 96 N.M.

674, 634 P.2d 696 (Ct.App.1981), and asserting prejudice. The court reserved ruling.

At the end of the first day of trial, after plaintiff and Dr. Haines had testified, defendant moved to amend the pleadings to raise the issue of notice on the ground that there had been evidence on that issue. *See* NMSA 1978, Civ.P.R. 15(b) (Repl.Pamp. 1980). Plaintiff again objected; the court orally ruled that failure to give notice was an affirmative defense which defendant had waived.

The trial court found that plaintiff was injured on the job when he suffered an internal rupture of a preexisting spinal malformation while lubricating a machine. The trial court also found that the failure to give notice was not raised as an issue until the first day of trial; after judgment was entered for plaintiff on the basis of total disability, defendant timely moved for a new trial on the ground that it should have been permitted to litigate the issue of notice. The motion was denied.

On appeal, defendant contends that failure to give notice is not an affirmative defense, that plaintiff knew that failure to give notice was going to be an issue through informal discussions shortly before trial, and that the court decided the issue of failure to give notice by making findings on it. Under these circumstances, defendant asks us to hold that the issue should be litigated on its merits. Defendant also contends that: (1) plaintiff's impeached testimony is not sufficient evidence to support the decision that an accident happened; (2) the medical testimony of causation is insubstantial; and (3) plaintiff's disability did not arise from a risk of his employment.

**Whether the Trial Court Erred in Refusing to Allow Defendant to Raise the Issue of Notice Pursuant to Section 52–1–29**

■ An affirmative defense ordinarily refers to a state of facts provable by defendant that will bar plaintiff's recovery once a right to recover is established. *Bendorf v. Volkswagenwerk Aktiengesellschaft*, 88 N.M. 355, 540 P.2d 835 (Ct.App. 1975). Such a defense must be pleaded and proved by defendant. *See id.;* NMSA 1978, Civ.P.R. 8 (Repl.Pamp.1980).

■ In *Mosher v. Bituminous Ins. Co.*, we said, in dicta and without citation to authority, that notice was not essential to establish liability and that it was an affirmative defense which must be asserted and proved by the employer. Only a part of this statement is correct. Notice is not an essential element of plaintiff's case that must be pleaded and proved in every case; nevertheless, notice is a condition precedent to plaintiff's right to recover. *Clower v. Grossman*, 55 N.M. 546, 237 P.2d 353 (1951). Consequently, if notice is "placed in issue," it is plaintiff's burden to prove it. *Aguilar v. Penasco Independent School District No. 6*, 100 N.M. 625, 674 P.2d 515 (1984); *Geeslin v. Goodno, Inc.*, 75 N.M. 174, 402 P.2d 156 (1965). Although plaintiff must prove notice if placed in issue, defendant had the obligation to raise the issue initially. *Accord Cook v. Clinkenbeard*, 524 P.2d 27 (Okla.1974). In this respect, notice is an affirmative defense. *See Gallegos v. George A. Rutherford, Inc.*, 67 N.M. 459, 357 P.2d 50 (1960).

This appeal raises the issue of whether the failure to give notice was "properly raised," *see Clower v. Grossman*, or "placed in issue," *see Geeslin v. Goodno*, under the facts of this case. This is an issue of first impression in New Mexico.

■ Defendant contends that the notice matter was properly raised by informal discussions between the parties a few days before trial. We do not answer this contention because there is no evidence of any such discussions. Arguments of counsel are not evidence that we may consider. *See State v. Jacobs*, 102 N.M. 801, 701 P.2d 400 (Ct.App.1985); *Phillips v. Allstate Ins. Co.*, 93 N.M. 648, 603 P.2d 1105 (Ct.App. 1979).

Next, defendant contends that the trial court treated it unfairly by refusing to allow it to litigate the issue of notice and then by making findings upon the very issue to which it would not listen. This contention is based on an erroneous premise. The failure to give notice issue went to the March accident, and the trial court made no findings on this issue.

Finally, defendant contends that it had no obligation to raise the notice issue prior to trial. We disagree.

■ The Rules of Civil Procedure apply to workmen's compensation actions except when the provisions of the Act "directly conflict" with the rules. NMSA 1978, § 52–1–34. The general rules of pleading do not conflict directly with the Act, although pleading is informal in workmen's compensation actions. 3 A. Larson, *Law of Workmen's Compensation* § 77A.00 (1983). The supreme court has recognized the applicability of the rules governing amendment of pleadings in workmen's compensation actions. *See Winter v. Roberson Constr. Co.,* 70 N.M. 187, 372 P.2d 381 (1962).

■ Even under a rule allowing liberality in pleadings and liberality in the amendment of pleadings, an amendment should not be allowed if the effect is one of undue surprise or prejudice to the opposing party. Larson, *supra,* at § 77A.43. The purpose of pleadings is to give the party opponent notice of the claims being made. *See Transamerica Ins. Co. v. Sydow,* 97 N.M. 51, 636 P.2d 322 (Ct.App.1981). This purpose would hardly be accomplished by a ruling that the issue of notice need not be "placed in issue" until opening statements.

■ In New Mexico, the allowance of amendment of pleadings is discretionary with the court, and the key factor in the exercise of discretion is prejudice to the opposing party. *Winter; Gallegos. See also Bagwell v. Shady Grove Truck Stop,* 104 N.M. 14, 715 P.2d 462 (Ct.App.1986).

Consistent with this, a New Jersey county court addressing a workmen's compensation case had the following to say:

Speaking of the practice to be followed in workmen's compensation proceedings, the then Judge William J. Brennan, Jr., analyzed quite clearly the guiding principles to be applied. The following quotation indicates conclusively that, as to defenses, he considered the prime criterion to be fair notice.

" * * * The petitioner is entitled to fair notice of the defenses he will be called upon to meet at the hearing. Respondent's answer here merely denies that petitioner met with an accident arising out of and in the course of his employment. This hardly sufficed to put the petitioner on notice * * * indeed, petitioner could logically infer from the answer filed that he was not to be confronted with that defense. * * * " *Stein v. Felden,* 17 N.J.Super. at page 315, 86 A.2d at page 20.

\* \* \* \* \* \*

* * * Upon near-completion of its defense, a party, albeit a party in a workmen's compensation court where niceties of pleadings have never been required, who has proceeded throughout on one issue, will not be permitted to then suddenly present a totally new attack.

*Hannigan v. Goldfarb,* 55 N.J.Super. 260, 263–63, 150 A.2d 515, 517–18 (1959).

Although the facts in this case differ, the application of the *Hannigan* language is clear. Plaintiff was surprised that defendant raised the issue of failure to give notice. He objected to it. The court found that plaintiff would have been prejudiced had the notice issue been litigated. Defendant does not challenge this finding on appeal.

■ Defendant does argue, however, that the prejudice could have been cured by a continuance. This case, however, had been pending for three years. Workmen's

compensation cases are to be advanced on the calendar and decided as promptly as possible. NMSA 1978, § 52–1–35. We have adversely commented on unnecessary delay in workmen's compensation cases in a number of opinions. *See, e.g., Sanchez v. Homestake Mining Co.,* 102 N.M. 473, 697 P.2d 156 (Ct.App.1985). The grant or denial of a continuance is within the discretion of the trial court, *Albuquerque National Bank v. Albuquerque Ranch Estates, Inc.,* 99 N.M. 95, 654 P.2d 548 (1982), and continuances are not favored. *El Paso Electric v. Real Estate Mart, Inc.,* 98 N.M. 490, 650 P.2d 12 (Ct.App.1982). Under these circumstances, the trial court was not required to grant an amendment to the pleadings and then grant a continuance to cure the prejudice to plaintiff.

In so ruling, we do not hold that defendants must raise a failure to give notice defense in their answer. Where notice is put in issue informally and plaintiff fails to object, as was apparently the case in *Aguilar,* or where the evidence relating to the issue is admitted without objection and the court grants an amendment to conform to the evidence under Civ.P. Rule 15(b), the issue may be deemed to have been properly raised. However, neither of these situations is present in this case. Plaintiff objected and, if any evidence on the notice issue was admitted without objection, it was admitted either pursuant to the court's ruling that it would hear evidence on the notice issue and make up its mind later, or it was admitted on other issues as well. *See Moya v. Fidelity and Casualty Co. of New York,* 75 N.M. 462, 406 P.2d 173 (1965). In neither case may it be said that plaintiff impliedly consented to trial on the notice issue.

■ The trial court did not abuse its discretion. It correctly refused to allow defendant to litigate the issue of notice when defendant first raised the issue in its opening statement and where plaintiff would have been prejudiced either by its inclusion as an issue in the case or by

another continuance. A new trial was not required.

## Substantial Evidence

■ Plaintiff's view that he had suffered an injury while lubricating a machine was supported by his own testimony, as well as by the testimony of others, who said that plaintiff did not complain to them of feeling any pain earlier in the day. When presented with plaintiff's view, the doctor said that the rupture was caused by leaning over and reaching with the tool in hand. In these circumstances, the trial court's decision to believe plaintiff's view must be upheld. *See Sanchez v. Homestake Mining Co.*

Defendant has relied on the "physical facts" rule, *see Ortega v. Koury,* 55 N.M. 142, 227 P.2d 941 (1951). For lack of reference to relevant portions of the transcript, we do not address this contention. *State v. Reese,* 91 N.M. 76, 570 P.2d 614 (Ct.App. 1977).

Defendant also contends that the medical evidence was inadequate to establish the requisite causation under NMSA 1978, Section 52–1–28(B). Defendant's argument proceeds upon a misconstruction of the doctor's testimony. Defendant contends that the doctor never testified that plaintiff's infections caused any disability. Defendant is incorrect.

In his testimony, Dr. Haines described plaintiff's disability as of the last time he saw plaintiff. He was then asked and answered the following:

Q: Dr., again, returning to the present state of disability, do you have an opinion now as to a reasonable medical probability, again, whether or not Mr. Beyale's current disability is the natural and direct result of the rupture that occurred and the resultant treatment?

A: Yes, I believe it is.

Later, Dr. Haines testified that plaintiff's disc space infection contributed to his chronic pain problem and that the infection was caused by an incomplete catheteriza-

tion, leading to a urinary tract infection, and inadequate treatment of that, leading to the disc space infection.

Defendant finally contends that, because the rupture could have been caused by anything that increased thoracic pressure, such as coughing, sneezing, straining, exerting, or bending over to work at home, it should not be liable for plaintiff's disability because the event that caused the rupture fortuitously happened at work. This is an "arising out of" issue, *see Berry v. J.C. Penney Co.*, 74 N.M. 484, 394 P.2d 996 (1964), and its resolution depends on the application of substantial evidence rules. *Schober v. Mountain Bell Telephone*, 96 N.M. 376, 630 P.2d 1231 (Ct.App.1980).

In this case, as in *Schober*, there was medical testimony that the rupture was, in fact, caused by plaintiff's work. This evidence meets the test outlined in *Berry* and *Schober* and supports the conclusion that plaintiff's accident and injury arose out of his employment.

**Conclusion**

Plaintiff is awarded $3,000 for the services of his attorney on appeal. The judgment appealed from is affirmed in all respects.

IT IS SO ORDERED.

ALARID and GARCIA, JJ., concur.