This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MICHAEL F. REDMAN,**

     Worker-Appellant,

**v.**                                                        **No. 32,439**

**THE McCLAIN COMPANY and**
**WESTPORT INSURANCE,**

     Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Gerald D. Hanrahan
Albuquerque, NM

for Appellant

Hale & Dixon, P.C.
Timothy S. Hale
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}    Worker-Appellant Michael F. Redman (Worker) has appealed from a compensation order denying his claims. We issued a notice of proposed summary

disposition, proposing to affirm. Worker has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     Below, the WCJ determined that Worker is not entitled to benefits as a consequence of his failure to provide timely notice. Worker has challenged this determination. Relative to the specific issues raised in the docketing statement, we previously set forth our analysis in the notice of proposed summary disposition. We will avoid unnecessary reiteration here, and instead, focus the present discussion on the issues and arguments advanced in the memorandum in opposition.

{3}     First, Worker contends that the WCJ's determination that he failed to provide timely notice is not supported by substantial evidence. [MIO 2-8]

{4}     Generally speaking, an injured worker is required to give his or her employer written notice of an accident within fifteen days after the worker knew or should have known of its occurrence. NMSA 1978, § 52-1-29(A) (1990). Below, the WCJ determined that Worker did not report his injury until June 22, 2010, nearly two months after the accident in question occurred. [RP 883] Because this determination resolves a question of fact, we apply the whole record standard of review. *See DeWitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 12, 146 N.M. 453, 212 P.3d 341 ("We review factual findings of [the WCJ] under a whole record standard of review."). "We view the evidence in the light most favorable to the agency decision, but may not view

2

the favorable evidence with total disregard to contravening evidence." *Lucero v. City of Albuquerque*, 2002-NMCA-034, ¶ 14, 132 N.M. 1, 43 P.3d 352. Ultimately, to warrant reversal, this Court must be persuaded that it "cannot conscientiously say that the evidence supporting the decision is substantial, when viewed in the light that the whole record furnishes." *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 129, 767 P.2d 363, 368 (Ct. App. 1988), *holding modified on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148.

{5}  In support of the WCJ's determination, Employer/Insurer called an office manager and a supervisor as witnesses, both of whom testified that Worker did not provide notice of the accident until June 22, 2010. [MIO 3-4, 7-8] Worker urges that the evidence he presented, including his own testimony that he timely reported his injury as well as Employer/Insurer's voluntary payment of benefits, should have been credited. [MIO 2-3, 6-8] Worker also argues that Employer/Insurer's conflicting evidence that Worker did *not* provide timely notice, including the testimony of the office manager and supervisor, should have been disregarded based on inconsistencies and general lack of credibility. [MIO 3-8] However, we cannot re-weigh the evidence on appeal. *See generally Rodriguez v. La Mesilla Constr. Co.*, 1997-NMCA-062, ¶ 13, 123 N.M. 489, 943 P.2d 136 (observing that this Court "will not reweigh the evidence, even under the whole record standard of review"); *Mieras*

*v. Dyncorp*, 1996-NMCA-095, ¶ 15, 122 N.M. 401, 925 P.2d 518 (observing that it is for the WCJ, as the fact finder, to resolve conflicting evidence). By all appearances, the WCJ found Employer/Insurer's witnesses to be credible in all material respects. The existence of countervailing or conflicting evidence does not render their testimony insubstantial. *Cf. State v. Mora*, 81 N.M. 631, 633, 471 P.2d 201, 203 (Ct. App. 1970) (observing that conflicts in the evidence do not make the evidence insubstantial). We therefore reject Worker's first assertion of error.

{6} Second, Worker contends that the sixty-day notice requirement associated with Section 52-1-29(B), should have applied, in light of Employer/Insurer's failure to affirmatively demonstrate compliance with the statutory posting requirement. [MIO 8-13] However, as we previously observed in the notice of proposed summary disposition, Employer/Insurer was neither on notice that this was a potential issue, nor under any affirmative obligation to make an evidentiary showing. In *Beyale v. Arizona Public Service Co.*, 105 N.M. 112, 114, 729 P.2d 1366, 1368 (Ct. App. 1986), the Court explained that an employer/insurer merely has the obligation to raise the issue of notice initially. Thereafter, the worker must prove that the notice requirement was satisfied. *Id.* Accordingly, insofar as Employer/Insurer raised lack of notice as an affirmative defense, Worker bore the burden of proving that he provided adequate notice, either through compliance with Section 52-1-29(A), or by virtue of the

4

applicability of Section 52-1-29(B).  We therefore conclude that Worker's failure to timely raise the question and prove the applicability of Section 52-1-29(B) is a fatal deficiency. *See Beyale*, 105 N.M. at 116, 729 P.2d at 1370 (holding that the trial court correctly refused to allow a party to litigate a similar notice issue where it was first raised in the opening statement); *cf. Flint v. Town of Bernalillo*, 118 N.M. 65, 69, 878 P.2d 1014, 1018 (Ct. App. 1994) (illustrating that an employer's compliance with the posting requirement is a proper issue where it has been specifically listed in the pretrial order and where testimony about this precise question was specifically anticipated).

{7}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**M. MONICA ZAMORA, Judge**