THE SHEPARD COMPANY *vs.* GENERAL MOTORS TRUCK COMPANY.

JUNE 19, 1929.

PRESENT: Stearns, C. J., Rathbun, and Sweeney, JJ.

RATHBUN, J. This is a cross action for damages for breach of warranty brought after the defendant had commenced suit to recover the purchase price of fourteen motor trucks. A jury trial having been waived in each case, the two were tried together in the Superior Court by a justice sitting without a jury. After decision in each case for the respective plaintiffs, the two cases came to this court on bills of exceptions. The exceptions to the decision in the case in which the Motors Company was plaintiff were overruled. Certain exceptions taken in this case by the defendant were sustained and this case was sent back to the Superior Court for a new trial. See *Shepard Co.* v. *General Motors Co.,* 47 R. I. 88. Thereafter the plaintiff filed in said court a motion to assign the case to a day certain for trial by a jury. At the hearing of said motion a question of law

arose which, in the opinion of the trial justice, is of such doubt and importance and so affects the merits of the controversy that it ought to be determined by the Supreme Court. Thereupon said justice acting in accordance with provisions of Section 5, Chapter 348, G. L. 1923, certified to this court for determination the following question: "Is the plaintiff entitled to have an action at law assigned for trial, on re-trial in the Superior Court, to the jury-trial calendar, it appearing that in said action at law a stipulation executed by counsel was filed on April 26, 1916, stating, 'Jury trial waived. Assignment to May 5, 1916 vacated. Assigned for hearing to May 22, 1916 on jury trial waived calendar with Law No. 32541 (General Motors Truck Company v. The Shepard Company)'; that thereafter, said actions not having been tried at the time fixed by the foregoing stipulation, a stipulation executed by counsel was filed on January 3, 1923, stating, 'Assigned for trial to April 23rd, 1923, on miscellaneous calendar, together with Law No. 32541'; that thereafter, said actions not having been tried at the time fixed by the foregoing stipulation, a stipulation executed by counsel was filed on May 4, 1923, stating, 'Assigned for trial with Law No. 32541 to October 23, 1923, on miscellaneous calendar, jury trial having been waived'; that said action thereupon on the last named date was tried with said Law No. 32541 before a justice of the Superior Court sitting without a jury; that a decision was rendered in each of said actions; that in each of said actions exceptions were thereupon prosecuted to the Supreme Court; that the decision in said Law No. 32541 was affirmed by the Supreme Court, the entry of judgment being stayed; and that the other action, namely, the above entitled cause, was by the Supreme Court remitted to the Superior Court for a new trial?"

The question briefly stated is whether a party who has waived a jury trial and has had a trial by a justice sitting without a jury is entitled to a trial by jury when a new trial has been ordered.

Section 15, Art. I of the Constitution of Rhode Island provides that: "The right of trial by jury shall remain inviolate." Section 6, Chapter 337, G. L. 1923, provides that: "In all actions at law and civil appeals pending in the superior court, the parties therein may waive in writing the right of trial by jury, and in such cases the court sitting without a jury shall try and determine the issues in said case, both as to the law and as to the facts, and render a decision therein." The Legislature can not take away the constitutional right to a trial by jury but the above statute provides that a party may waive that right. The plaintiff by availing himself of a privilege provided for in said section 6, waived his right to a trial by jury. If the right has been waived it no longer exists.

The plaintiff contends that a waiver does not extend beyond one trial without a jury. Before the adoption of said section 6 the statute provided that a jury trial shall be deemed to be waived unless claimed at least five days before the assignment day or "unless when such case is called on such assignment-day both parties agree to a jury-trial." Section 6, Chapter 238, G. L. 1896. The earlier statute provided that a jury trial was deemed to be waived unless it was seasonably claimed. The later statute obviated the necessity for claiming a jury trial and provided that such a trial might be waived. It is apparent that under the procedure established by the earlier statute a party by failing to claim a trial by jury lost the right to demand such a trial and we think the legislative intent as expressed in Section 6 of said Chapter 337, is that a waiver of a trial by jury is a waiver for all time. When a trial by jury has been waived the classification of the case is changed. The case is placed on the "Jury trial waived" list.

Our decision is that the plaintiff is not entitled to have this action assigned to the jury trial calendar for trial.

The papers in the case with our decision certified thereon are ordered sent back to the Superior Court for further proceedings.

*Patrick P. Curran, Hoyt W. Lark, Curran, Hart, Gainer & Carr, Francis P. Garland* of Massachusetts bar, for plaintiff.

*Claude R. Branch, William H. Edwards, Edwards & Angell. The late Frank A. Gaynor,* of New York bar, for defendant.