SURYAN et al. v. ALASKA INDUSTRIAL BOARD et al.

No. 6198–A.

United States District Court. D. Alaska.
First Division. Juneau.
Jan. 23, 1950.

—◆—

Faulkner, Banfield & Boochever, Juneau, Alaska, for plaintiffs.

J. Gerald Williams, Atty. Gen. of Alaska, Juneau, Alaska, John Dimond, Asst. Atty. Gen. of Alaska, Juneau, Alaska, Henry Roden, Juneau, Alaska, for defendant Lidekrantz.

FOLTA, District Judge.

This is a proceeding under Section 43-3-22, A.C.L.A. 1949, to set aside a decision of the Alaska Industrial Board reversing its earlier decision that it had no jurisdiction, and awarding compensation to Lindekrantz.

Lindekrantz was injured on July 12, 1948, while engaged as a fisherman on navigable waters of the United States. Concluding that the action fell within the admiralty jurisdiction, the Board, on November 30, denied Lindekrantz's claim, but upon the rehearing, granted on his petition of December 26, 1948, the Board, on September 28, 1949, reversed itself and awarded compensation.

The plaintiff contends:

(1) That the Board is without power to grant a rehearing.

(2) That its decision of November 30, 1948 that it lacked jurisdiction was *res judicata* upon the rehearing and

(3) That the case is within the exclusive jurisdiction of admiralty within the doctrine of Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A. 1918C, 451, Ann.Cas.1917E, 900, because the employee was, at the time of the injury, a seaman actually engaged in a maritime activity and the injury was sustained on navigable waters of the United States.

The second point may be dismissed at the outset for it is manifest that, although the question of *res judicata* may lurk in the background, it is not involved in this proceeding, because if the power to rehear exists, the doctrine of *res judicata* is inapplicable and likewise, if the power does not exist, no occasion arises for invoking it. The case turns, therefore, on the question whether the Alaska Industrial Board has the power to grant a rehearing and set aside or modify its awards.

An examination of the authorities dealing with this question discloses that, with practical unanimity, they hold that an administrative body has no power to grant a rehearing or to set aside or modify its decisions except by virtue of express statutory provision or by necessary implication. Olive Proration Program Committee For Olive Proration Zone No. 1 v. Agricultural Prorate Commission, 17 Cal.2d 204, 109 P.2d 918; People ex rel. Chase v. Wemple, 144 N.Y. 478, 39 N.E. 397, 398; Martilla v. Quincy Mining Co., 221 Mich. 525, 191 N.W. 193, 30 A.L. R. 1249; Trigg v. Industrial Commission, 364 Ill. 581, 5 N.E.2d 394, 108 A.L.R. 153, 157; Heap v. City of Los Angeles, 6 Cal.2d 405, 57 P.2d 1323; State v. Brown, 126 Wash. 175, 218 P. 9; South v. Indemnity Insurance Company of North America, 39 Ga.App. 47, 146 S.E. 45, 46.

The power to review its decisions and awards granted the Board under Section 4 of the Workman's Compensation Act, Chapter 9, Ex.Sess., Laws 1946, Section 43-3-4, A.C.L.A.1949, is limited solely to the adjustment of the rate of compensation where there is a change in the physical condition of the claimant and for this purpose the Board is given continuing jurisdiction for 3 years. In the face of this provision, it would seem that the case falls within the rule that the express mention of one thing is the implied exclusion of another. But perhaps there is a more cogent reason for holding that the power does not exist by implication. There must be an end to litigation.

If it were held that the Board had this power, it would be wholly unrestrained, because there are no restraints in the statute on the exercise of such a power. Hence, a claim denied today could be reopened at any indefinite future time. It is inconceivable that such a power would be granted even by express statutory provision.

I am of the opinion, therefore, that the award should be set aside.