Herbert D. Hamm, J.
This is a motion for an order to strike from the defendant’s answer the first, second and fourth affirmative defenses and for summary judgment.
The first defense is insufficient. The intramural action of the directors did not constitute a contract between the corporation and the plaintiff modifying the agreement of February 10, 1934, between the corporation and the plaintiff.
The second defense is one of waiver and estoppel and, at least as to waiver, it is not insufficient in law,
*143 The fourth defense is a further defense of waiver arising from an alleged unanimous agreement among the directors, of whom the plaintiff was one. This defense likewise is not insufficient.
As to summary judgment the agreement of February 10, 1934, mentioned above, provided substantially that the plaintiff should receive compensation equal to the highest compensation paid any other officer by unanimous action of the directors. At least for the purposes of these motions the defendant does not dispute this interpretation as adopted by the plaintiff. It is alleged by suitable affidavits in support of the defendant’s second affirmative defense that the plaintiff joined in the unanimous action of the directors in fixing the treasurer’s salary in an amount in excess of his salary and then voted for a salary in favor of himself less than the increased salary of the treasurer. The fourth affirmative defense, which is likewise supported by affidavits, alleges substantially an agreement among all of the directors that if the president, who received only a relatively small salary, would refrain from asking for himself an increase in salary commensurate with his services, the amount of the said increase would be paid to the treasurer and further alleges that as a result of the agreement the directors were induced to pay the treasurer a larger salary than the plaintiff’s, that the plaintiff was a party to the agreement and inducement and that the plaintiff in voting as director for this larger salary and in voting for a lesser salary for himself pursuant to the agreement waived his contractual right to the same salary as the treasurer’s.
The issue of waiver presents a factual issue requiring a trial. “ A waiver is * the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it’. (Whitney on Contracts [4th ed., 1946], p. 273.)” (Werking v. Amity Estates, 2 N Y 2d 43, 52, appeal dismissed 353 U. S. 933.) “ A waiver has been defined as ‘ an intentional abandonment or relinquishment of a known right or advantage which, but for such waiver, the party would have enjoyed. It is the voluntary act of the party and does not require or depend upon a new contract, new consideration or an estoppel. It cannot be recalled or expunged.’ (Alsens Amer. Portland Cement Works v. Degnon Contr. Co., 222 N. Y. 34, 37; see, also, Davison v. Klaess, 280 N. Y. 252, 261.) ” (Pash v. Wagner, 2 Misc 2d 822, 826.) The question of intent cannot be determined on conflicting affidavits.
In Sillman v. Twentieth Century-Fox Film Corp. (3 N Y 2d 395) reversing an order of the Appellate Division which had *144 reversed an order of the Special Term denying a motion for summary judgment, the question of waiver was involved. Judge Froessel stated (p. 403): “ Waiver is ‘ the intentional relinquishment of a known right ’ (Werking v. Amity Estates, 2 N Y 2d 43, 52). As we stated in Alsens Amer. Portland Cement Works v. Degnon Contr. Co. (222 N. Y. 34, 37): ‘ It is essentially a matter of intention. * * * Commonly, it is sought to be proved by various species of proofs and evidence, by declarations, by acts and by non-feasance, permitting differing inferences and which do not directly, unmistakably or unequivocally establish it. Then it is for the jury to determine from the facts as proved or found by them whether or not the intention existed.’ (See Devlin v. Mayor of City of N. Y. [63 N. Y. 8], supra; Brewster v. City of Hornellsville [35 App. Div. 161], supra.)” Judge Froessel continued (p. 404) :• “To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (Di Menna & Sons v. City of New York, 301 N. Y. 118). This drastic remedy should not be granted where there is any doubt as to the existence of such issues (Braun v. Carey, 280 App. Div. 1019), or where the issue is ‘ arguable ’ (Barrett v. Jacobs, 255 N. Y. 520, 522); ‘ issue-finding, rather than issue-determination, is the key to the procedure ’ (Esteve v. Avad, 271 App. Div. 725, 727).” In Nathan v. Spector (281 App. Div. 451, 452) the court stated: “ In reviewing an order granting summary judgment in favor of the plaintiff, we must accept the defendant’s version of the facts as true except to the extent to which we may reject any part of it as incredible as a matter of law. If the evidentiary facts set forth by the defendant are sufficient to raise a question of fact as to any point vital to the plaintiff’s case, the order must be reversed.” Without implication as to the merits of the defendant’s defense, it may be noted that factual issues not overimpressive may be of sufficient substance to require a trial (Domestic Finance Corp. v. Ahearn, 5 A D 2d 741).
The motion to strike the first defense is granted. The motion to strike the second defense and the fourth defense is denied. (The third defense is a partial defense of the Statute of Limitations to which no motion is directed.)
The motion for summary judgment is denied.
Submit order to Troy on three days’ notice. The motion papers will be forwarded with the signed order. The minute book may be obtained from Mrs. Theresa G. Clancy, Clerk of the Supreme Court.