191 A.2d 354 (1963)
MacKNIGHT & HOFFMAN, INC.
v.
PROGRAMS FOR ACHIEVEMENT IN READING, INC.
M. P. No. 1546.
Supreme Court of Rhode Island.
June 6, 1963.
*355 DelSesto & DelSesto, Christopher DelSesto, Christopher T. DelSesto, Jr., Joseph R. DiStefano, Providence, for petitioner Programs for Achievement in Reading, Inc.
Goodman, Semonoff & Gorin, Jordan Tanenbaum, Providence, for respondent MacKnight & Hoffman, Inc.
CONDON, Chief Justice.
This is a petition for certiorari to quash a decision of the superior court denying the petitioner's motion to vacate the assignment of the above-entitled case on the miscellaneous calendar and to reinstate it on the jury trial calendar. The writ was issued and in compliance therewith the record of such case has been certified to this court.
It appears therefrom that MacKnight & Hoffman, Inc., hereinafter referred to as MacKnight, sued Programs for Achievement in Reading, Inc., petitioner in the instant proceeding, for breach of contract. By stipulation filed December 1, 1961 the case was at first assigned for trial to the jury trial calendar. Thereafter on November 19, 1962 the parties formally waived a jury trial and by stipulation reassigned the case to the miscellaneous calendar. Subsequently MacKnight on January 17, 1963 filed a bill of particulars in its case which petitioner alleges stated a different set of circumstances than it had anticipated.
The petitioner sued MacKnight on the same contract and thereafter MacKnight claimed a jury trial thereof. The petitioner claimed that on the filing of the bill of particulars it then became aware for the first time that in the interest of justice the two cases should be consolidated for trial together. Since this could not be done while they were on different calendars, Hutson v. Cavicchia, 53 R.I. 518, petitioner contended that its motion should be granted to make consolidation possible. On MacKnight's objection thereto the motion was denied and petitioner now claims that the trial justice had discretionary power in the circumstances to grant the motion and that she abused her discretion in denying it.
The first question is whether the superior court is vested with such power. With relation to the circumstances of the case at bar the question may be more specifically framed as follows: If a party claims a jury trial and later by stipulation with the other party waives such trial and assigns the case to the miscellaneous calendar may the superior court in its discretion thereafter, on the motion of the party who waived its claim of jury trial and over the objection of the other party, vacate such assignment and restore the case to the jury trial calendar? Our answer must be in the negative for the reasons hereinafter stated.
In MacKnight's case petitioner freely and voluntarily waived its claim of jury trial. It was not misled or entrapped into doing so by any act of MacKnight. In the absence of any such circumstances a right once waived is gone forever and cannot be reclaimed. This is a generally recognized rule. 92 C.J.S. Waiver, Effect of, p. 1068.
Such rule has been applied by this court in a case not essentially dissimilar to the instant case. Shepard Co. v. General Motors Truck Co., 50 R.I. 187, 146 A. 477. *356 Therein it was expressly held that while the constitutional right to a jury trial could not be taken away by the legislature it could be waived, and if so it no longer existed but was waived "for all time."
And in Kilvert v. Superior Court, 52 R.I. 389, the court reiterated that language and expressly held that where the parties had waived jury trial they could not revive that right even by agreement of the parties. Neither party therein had claimed a jury trial but by some oversight the case had been tried to a jury which resulted in a verdict for the plaintiff. After the defendant had been granted a new trial and the parties had entered into a stipulation for a jury trial the oversight was discovered. Thereupon the plaintiff moved to assign the case to the miscellaneous calendar. On the defendant's objection that the plaintiff by participating in the jury trial waived his right to have the case tried on the jury-waived trial calendar, the superior court denied the plaintiff's motion. But this court quashed such ruling on the ground that having failed to claim a jury trial in accordance with the provisions of the statute, now G.L. 1956, § 9-11-7, the parties had waived that right and not even the unusual circumstances attending the original trial could revive such right.
However, the petitioner contends that its position in the instant case is essentially different in that it originally claimed a jury trial and relinquished it at a time when it could not know what would be the impact of such relinquishment on the trial of its case against MacKnight. We do not agree with such contention. It is obvious from the record that the petitioner expressly waived its constitutional right without any condition or reservation, if indeed such a waiver could be thus limited. We perceive no valid reason why the petitioner's waiver should be construed differently from the waivers in the Shepard Co. and Kilvert cases. In fact, if we were to make an exception to the general rule in the petitioner's favor it would in our opinion run directly contrary to the law so clearly declared in those cases to the effect that a waiver of jury trial was for all time and beyond the possibility of revival.
The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record certified to this court is ordered returned to the superior court.