46522.   HADER v. EASTMAN et al.

BELL, Chief Judge. The plaintiff brought this suit for damages against the defendant in his capacity as the administrator of a decedent's estate. Defendant in writing simultaneously acknowledged service of the complaint and waived the twelve months exemption from suit afforded an administrator by *Code* § 113-1526. The defendant in his answer attempted to revoke the waiver. The trial court denied defendant's motion to dismiss on the ground of revocation of the waiver and certified the denial for direct appeal. *Held:*

The question is whether the waiver of the right not to be sued for twelve months can be revoked. It is settled that exemption from suit afforded an administrator may be waived. *Emmett & Co. v. Dekle,* 132 Ga. 593 (64 SE 682); *Leath v. Hardman,* 43 Ga. App. 270 (158 SE 453). It appears that the defendant voluntarily and intentionally waived his right to be exempt from suit for the statutory period. In *Sentinel Fire Ins. Co. v. Mc-Roberts,* 50 Ga. App. 732 (179 SE 256), a case concerning the waiver of proof of loss as stipulated in an insurance policy, this court held that once a waiver has been made with knowledge of the facts and in the absence of fraud, it cannot be withdrawn. See 92 CJS 1041, 1069, Waiver. We see no reason why this rule should not apply to the waiver in this instance. There is no issue raised here as to fraud or that defendant did not have knowledge of the facts. The contention that the defendant received no consideration for the waiver is without merit as consideration is not an essential of waiver. *Gray Lumber Co. v. Harris,* 8 Ga. App. 70 (68 SE 749).

*Judgment affirmed. Pannell and Deen, JJ., concur.*
SUBMITTED SEPTEMBER 8, 1971—DECIDED OCTOBER 5, 1971.

*Perry, Walters, Langstaff, Lippitt & Campbell, Robert B. Langstaff,* for appellant.

*Burt, Burt & Rentz, Van Cheney,* for appellees.