714 P.2d 580

Curtis R. FOSTER, D.D.S.,
Petitioner-Appellant,

v.

BOARD OF DENTISTRY OF the STATE
OF NEW MEXICO and its Members:
Dr. Kennedy Merritt, Dr. Tom Weems,
Dr. Don Martinez, Eloy Gutierrez, Sr.
and Albert Mulliken, Respondents-Appellees.

No. 15772.

Supreme Court of New Mexico.

Feb. 14, 1986.

Shamas & Perrin, K. Douglas Perrin, Roswell, for petitioner-appellant.

Paul Bardacke, Atty. Gen., Candice Marie Will, Asst. Atty. Gen., Santa Fe, for respondents-appellees.

## OPINION

RIORDAN, Chief Justice.

Curtis R. Foster (Foster) appeals the suspension of his dental license by the Board of Dentistry (Board). A hearing was held before the Board and Foster's dental license was subsequently suspended for a period of fourteen days. Foster filed for review in the district court and his petition for review was subsequently denied and the Board's decision upheld. We reverse.

Foster raises four issues on appeal. However, because the first issue is dispositive we do not address issues three and four. We address issue two in order to give guidance in future litigation of this type.

Foster's first point on appeal is that the Board lacked jurisdiction to render its decision in suspending his license. A hearing was held before the Board on April 25, 1984 and subsequently concluded on May 3, 1984. On August 6, 1984, the Board issued its findings of fact, conclusions of law and decision and order suspending Foster's license. On appeal, Foster argues that the Board lacked jurisdiction to issue its decision because under NMSA 1978, Section 61–1–13(B) (Repl.Pamp.1981) of the Uniform Licensing Act, the Board only had authority to render and sign its decision within ninety days after the hearing was completed. In Foster's case, the Board's decision was rendered and signed ninety-five days after the completion of the hearing.

Section 61–1–13(B) reads in pertinent part:

A decision based on the hearing shall be made by a quorum of the board and signed by the person designated by the board within sixty days after the completion of the preparation of the record or

submission of a hearing officer's report, whichever is later. *In any case the decision must be rendered and signed within 90 days after the hearing.* (Emphasis Added).

Foster argues that the Board's failure to render and sign its decision under the terms of the Uniform Licensing Act, Section 61–1–13(B) makes its decision null and void. We agree.

The Board in the instant case is an administrative agency having only the power and authority delegated to it by the legislature. *See e.g., Public Service Co. of New Mexico v. New Mexico Environmental Improvement Board,* 89 N.M. 223, 549 P.2d 638 (Ct.App.1976). The language of Section 61–1–13(B) is unambiguous. It states that any decision of the Board must be rendered and signed within ninety days after the hearing date. It is undisputed that this was not done.

The Board reasons that its failure to render and sign its decision within ninety days was not prejudicial to Foster since Foster was served with the decision within the fifteen day time period prescribed under NMSA 1978, Section 61–1–14 (Repl. Pamp.1981). The Board suggests that, reading Section 61–1–13(B) and Section 61–1–14 together, it has a period of one hundred five days in which to render and sign a decision and notify the licensee of such decision. The Board argues that in the instant case Foster was served with a copy of the Board's decision only ninety-seven days after completion of the hearing. The Board further argues that under Section 61–1–13(B) the requirement that the decision be signed within ninety days after the completion of the hearing is merely procedural, not jurisdictional, and to argue that the Board lost jurisdiction over Foster merely for failing to sign the decision within ninety days leads to the unintended result of having to start the proceedings against Foster all over again. The Board argues that such unnecessary duplication was not intended by the legislature for the mere failure by the Board to sign its decision within the ninety day time period pre-scribed by Section 61–1–13(B). We disagree.

It has been stated that:

Legislative intent is to be determined primarily by the language of the statute, and words will be given their plain and ordinary meaning unless a different intent is clearly indicated. When no contrary intent is indicated and the words are free from ambiguity, no other means of interpretation should be resorted to and there is no room for construction. .

*State v. Lujan,* 103 N.M. 667, 670, 712 P.2d 13, 16 (Ct.App.1985), *cert. denied,* 103 N.M. 740, 713 P.2d 556 (1986) (citations omitted).

■ The words of Section 61–1–13(B) are mandatory. There is no room for construing Section 61–1–13(B) and Section 61–1–14 together to give the Board one hundred five total days in which to render, sign and serve their decision upon Foster. Where rulings by administrative agencies are not in accord with the basic requirements of the statutes relating to those agencies, the decisions of the agencies are void. *La Jara Land Developers, Inc. v. Bernalillo County Assessor,* 97 N.M. 318, 639 P.2d 605 (Ct.App.1982). The ninety day period required under Section 61–1–13(B) expired on August 1, 1984. The Board's decision was not signed until August 6, 1984, five days after the statutory requirement ended. Because the Board failed to take action within the required ninety day period, its decision is void and must be reversed. To rule otherwise would ignore the plain language of Section 61–1–13(B).

■ Foster also argues on appeal that the standard of proof utilized by the Board in determining that his license should be suspended was inappropriate. Foster argues that the charges against him should have been proven by clear and convincing evidence rather than a preponderance of the evidence. We disagree.

In New Mexico the standard of proof applied in administrative proceedings, with few exceptions, is a preponderance of the evidence. *See e.g., State Department of*

*Motor Vehicles v. Gober,* 85 N.M. 457, 513 P.2d 391 (1973); *Seidenberg v. New Mexico Board of Medical Examiners,* 80 N.M. 135, 452 P.2d 469 (1969). As the above-cited cases illustrate, it is only where allegations such as fraud are involved or where the clear and convincing burden has been established by statute that such a higher burden is allowed in civil cases. *See e.g.,* NMSA 1978, § 61–5–31(D) (Repl.Pamp. 1981); NMSA 1978, § 61–7–8(D) (Repl. Pamp.1981); NMSA 1978, § 32–1–55(H) (Cum.Supp.1985). We note that the above-cited cases and statutes are examples of the exception rather than the rule. We are not inclined to enlarge the area of the exception's application. Therefore, we determine that the appropriate standard of proof for a hearing under Section 61–1–13 is by a preponderance of the evidence. We note again that we address this issue only to provide guidance in future litigation of this type. It is not necessary to our determination of the instant case.

The suspension of Foster's license is reversed.

FEDERICI and WALTERS, JJ., concur.