771 P.2d 989

Yvette B. ARMIJO, Claimant–Appellant,

v.

SAVE 'N GAIN and Penn General Southwest, Respondents–Appellees.

No. 10558.

Court of Appeals of New Mexico.

Feb. 28, 1989.

Martin J. Chavez, Chavez Law Offices, Albuquerque, for claimant-appellant.

Ben M. Allen, Hatch, Beitler, Allen & Shepherd, P.A., Albuquerque, for respondents-appellees.

## OPINION

DONNELLY, Judge.

Claimant, Yvette Armijo, appeals the denial of her motion seeking to reopen her worker's compensation claim for psychological disability in order to permit a formal hearing on the merits. The principal issue raised by claimant on appeal is whether the Workers' Compensation Division (WCD) hearing officer abused his discretion by refusing to allow claimant to reject the recommended resolution made by the prehearing officer after she had filed a written acceptance of the proposed administrative resolution. We affirm.

Claimant was employed by Save 'N Gain in Albuquerque as a stocker. On July 27, 1987, she filed a worker's compensation claim for psychological disability alleging that she suffered a disabling injury on June 24, 1987. Respondents, Save 'N Gain and Penn General Southwest, denied the claim in their response filed on August 12, 1987. Claimant's dispute was heard by a prehearing officer in an informal conference on August 24, 1987, at which claimant appeared pro se and respondents appeared with counsel. On November 3, 1987, the prehearing officer issued a recommended resolution of the claim beyond the sixty-day statutory time limit prescribed in NMSA 1978, Section 52-5-5(C) (Repl.Pamp.1987). After the recommended resolution was issued, claimant consulted an attorney. Thereafter both claimant and respondent filed written acceptances of the prehearing officer's recommended resolutions. Claimant's written acceptance was filed November 20, 1987. On January 25, 1988, claimant, acting on the advice of a different attorney, moved for leave to file a rejection of the recommendations and requested permission to revoke her written acceptance and be accorded a hearing on the merits. Claimant appeals the denial of that motion.

## I. JURISDICTIONAL ISSUES

We initially address two jurisdictional issues raised by claimant.

(A) Claimant contends that the WCD prehearing officer's failure to issue the recommended resolution within 60 days rendered it void and exhausted his jurisdiction to take any further action in the matter. Claimant argues that the prehearing officer's issuance of a recommended resolution 41 days after the statutory deadline raises a jurisdictional question. Although the jurisdictional issue was not included in claimant's docketing statement, appellate review of this question is not limited where the issue involves the forum's subject matter jurisdiction. SCRA 1986, 12-216(B). A jurisdictional defect may not be waived and may be raised at any stage of the proceedings, even sua sponte by the appellate court. *State v. Ramirez*, 89 N.M. 635, 556 P.2d 43 (Ct.App.1976).

Legislation prescribing the sixty-day time requirement for the issuance of a recommended administrative resolution, as set forth in Section 52-5-5(C), became effective June 19, 1987. The statute provides in applicable part:

Upon receipt, *every claim shall be evaluated by the director or his designee, who shall then contact all parties and attempt to informally resolve the dispute. Within sixty days after receipt of the claim, the director shall issue his recommendations for resolution * * *.* Within thirty days of receipt of the recommendation of the director, each party shall notify the director on a form provided by him of the acceptance or rejection of the recommendation. *A party failing to notify the director*

*waives any right to reject the recommendation and is bound conclusively by the director's recommendation unless, upon application made to the director within thirty days after the foregoing deadline, the director finds that the party's failure to notify was the result of excusable neglect.* If either party makes a timely rejection of the director's recommendation, the claim shall be assigned to a hearing officer for hearing. [Emphasis added.]

Claimant filed her claim on July 27, 1987. The recommended resolution was not issued until November 3, 1987, more than three months after the claim was received by the WCD.

In *Lopez v. New Mexico Board of Medical Examiners,* 107 N.M. 145, 754 P.2d 522 (1988), the supreme court addressed an issue concerning the validity of the decision of the state medical licensing board after the expiration of a prescribed statutory deadline. The court concluded that a statutory time limit on actions by that board was "expressly jurisdictional" and that action taken by the board after the time had run was without force and effect. *Id.* Claimant also relies on *Foster v. Board of Dentistry,* 103 N.M. 776, 714 P.2d 580 (1986) (ruling by review board revoking a professional license after expiration of time period prescribed by law held null and void). *See also Varoz v. New Mexico Bd. of Podiatry,* 104 N.M. 454, 722 P.2d 1176 (1986) (limitation period imposed by statute held a procedural safeguard).

Claimant asserts that here, as in *Foster* and *Lopez,* the language of the statute indicates a legislative intent to impose a time limit on the ability of the WCD to issue a recommended informal resolution. Claimant contends the court may not alter a clear legislative condition and statutory intent of providing a "quick and efficient delivery of indemnity and medical benefits to injured and disabled workers." NMSA 1978, § 52-5-1 (Repl.Pamp.1987); *Sanchez v. Bernalillo County,* 57 N.M. 217, 257 P.2d 909 (1953). While it is clear that in adopting a process for the informal resolution of workers' compensation claims, the legislature intended to provide a procedure

for expediting worker's compensation claims, we discern no legislative intent that the sixty-day time limit stated in Section 52-5-5(C) preclude further administrative action in this case.

Statutes governing the revocation of professional licenses reflect a legislative determination that a balance should be struck between the public's need to be protected and the licensee's individual property right to earn a livelihood under a state-conferred license. *Varoz v. New Mexico Bd. of Podiatry.* In contrast, the statutory time requirement for action by the WCD director or his designee contained in Section 52-5-5(C) is designed to provide an expeditious method for the resolution of workers' claims. The thrust of the statute indicates that the rights of the parties in a workers' compensation action are not subject to forfeiture because of the division's failure to comply with statutory deadlines. Instead, Section 52-5-1 affirmatively declares that it "is the specific intent of the legislature that benefit claims be decided on their merits * * *."

Section 52-5-5(C) read together with the legislatively declared purposes set forth in Section 52-5-1 of the Workers' Compensation Act reveals a legislative intent that the WCD should not be deprived of administrative jurisdiction when the issuance of recommended resolutions are delayed beyond the prescribed statutory time limit. Instead, we conclude that a failure of the director to comply with the legislative time constraints imposed by Section 52-5-5(C) permits the parties to either waive any delay in the rendition of the informal resolution and await the recommended resolution or, if no informal resolution has been filed after the expiration of the sixty-day period, to invoke its right to a prompt hearing on the merits before a hearing officer without further delay and without the necessity of awaiting the issuance of an informal settlement recommendation. Here claimant's election to accept the delayed recommendation effectively waived any objection to the untimeliness of the director's recommendation. Thus, the delay in the issuance of the recommended informal res-

olution did not deprive the WCD of further jurisdiction to act in this matter.

■ (B) Claimant additionally asserts that she was effectively denied due process of law herein and the right to have her case decided on the merits when her claim for psychological disability was considered in an informal conference under administrative procedures established under the Workers' Compensation Act. *See* NMSA 1978, § 52–5–7 (Repl.Pamp.1987). Specifically claimant argues that she was deprived of due process by requiring her to submit to an informal adjudication of her claim under circumstances where no record was made of the proceedings, no testimony of supporting witnesses was required, adverse witnesses were not presented for cross examination, and no findings of fact or conclusions of law were made. Claimant further alleges that neither the Workers' Compensation Act nor the Rules and Regulations adopted by the WCD authorize the prehearing officer to make a final disposition on a claim. We understand claimant's arguments here as challenging the constitutionality of the Workers' Compensation Act and the jurisdiction of the WCD to conclusively determine her claims. Although this issue was not clearly asserted in claimant's docketing statement, we nevertheless consider the contention because it raises a jurisdictional issue. *See* SCRA 1986, 12–216(B).

Claimant's due process rights, however, are not deemed denied unless she is deprived of a reasonable opportunity to present her case and have the merits of her claims fairly judged in "some form of hearing" in an appropriate forum. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433, 102 S.Ct. 1148, 1156, 71 L.Ed.2d 265 (1982) (emphasis omitted).

Claimant argues that neither the Workers' Compensation Act nor the rules and regulations promulgated by the WCD empower a prehearing officer with the authority to make a final disposition of her claim. We disagree. Section 52–5–7 establishes a procedure for informal hearings to attempt to expeditiously resolve a worker's claim, to provide a procedure for formal adminis-

trative hearings, and to allow for judicial review. As observed in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed. 2d 18 (1976), there is no deprivation of due process rights where a claimant has been accorded an opportunity to be heard through the informal hearing and affirmatively waived her right to a subsequent formal hearing. Her written acceptance of the recommended resolutions constituted a waiver of her rights to a further formal hearing. *See* § 52–5–5(C). Under the facts before us we find no validity to claimant's jurisdictional challenge nor infringement upon claimant's right of due process of law.

## II. DENIAL OF MOTION TO REJECT RECOMMENDATION

Claimant alleges abuse of discretion by the hearing officer in denying her motion to withdraw her prior written acceptance and to enter a rejection of the recommended informal resolution. Claimant's attempted rejection was filed nine weeks after she originally filed her written acceptance of the director's recommendation. Claimant analogizes the motion to set aside her agreement to the recommended resolution to a motion for reopening of her case under SCRA 1986, 1–060(B), arguing that she has a legitimate, compensable claim and that her failure to timely file a rejection of the resolution falls within the ambit of "excusable neglect." She points out that the prehearing officer found she suffered a work-related psychological disability but that the claim was not compensable under NMSA 1978, Section 52–1–24(B) (Repl.Pamp.1987), because the disability resulted from a series of events rather than from a single traumatic event.

■ After receiving the recommended resolution, claimant consulted an attorney (not her present counsel) who advised her that psychological impairments were not compensable under the Workers' Compensation Act and that she should accept the recommended resolution. Claimant's motion to reject the recommendation was filed more than thirty days after she received the informal recommendation from the pre-

hearing officer. We interpret the thirty-day deadline specified in Section 52–5–5(C) as also evidencing a legislative intent that motions filed by the parties, including a motion to withdraw a prior acceptance of a proposed informal resolution, must be filed within thirty days after the issuance of the prehearing officer's recommendations.

Claimant asserts that because she relied on the mistaken advice of her former attorney and because she was a psychologically impaired pro se claimant, her failure to file an earlier rejection constituted a showing of excusable neglect, requiring that the recommended resolution be set aside. Although prior New Mexico decisions have discussed the use of Rule 1–060(B) to reopen workers' compensation disputes in district court, no case has specifically ruled on the applicability of the rule to a workers' compensation case in the context of a hearing before an administrative hearing officer. *Cf. Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 582 P.2d 819 (1978); *Battersby v. Bell Aircraft Corp.*, 65 N.M. 114, 332 P.2d 1028 (1958); *Davis v. Meadors–Cherry Co.*, 65 N.M. 21, 331 P.2d 523 (1958).

The provisions of Rule 1–060(B) govern district court procedural issues except where other rules or statutory provisions are clearly inconsistent. SCRA 1986, 1–001. Prior to the adoption of an administrative procedure to process workers' compensation claims, the rules of civil procedure were held to be applicable in workers' compensation proceedings except where the provisions of the Workers' Compensation Act were in conflict. *See Beyale v. Arizona Pub. Serv. Co.*, 105 N.M. 112, 729 P.2d 1366 (Ct.App.1986) (construing former Section 52–1–34).

The Act creating the WCD expressly repealed Section 52–1–34 which provided that "[t]he Rules of Civil Procedure for the District Courts * * * shall apply to all claims, actions and appeals under the Workmen's Compensation Act * * * except where provisions of the Workmen's Compensation Act directly conflict with [such] rules * * *." The new legislation, Laws 1987, Chapter 342 establishing the WCD express-ly authorized the director to adopt reasonable rules and regulations in order to effect the purposes of the Workers' Compensation Act. NMSA 1978, § 52–5–4 (Repl. Pamp.1987). Neither the briefs of the parties nor the record before us indicate whether the director has adopted any rule providing for a right of rehearing after the issuance of a recommended informal resolution.

Jurisdictions that have considered the question of whether an administrative agency has the authority in the absence of a statute or rule to grant a rehearing or to otherwise reconsider or vacate their own final decisions have reached diverse results. *See* Annotation, *Power of Administrative Agency to Reopen and Reconsider Final Decision as Affected by Lack of Specific Statutory Authority*, 73 A.L.R.2d 939 (1960).

In some jurisdictions courts have held that administrative agencies, like courts, have the inherent or implied power to modify or reconsider final decisions during the time the agency retains control over the matter. *Wammack v. Industrial Comm'n*, 83 Ariz. 321, 320 P.2d 950 (1958); *Western Kraft Paper Group v. Department for Natural Resources & Env't Protection*, 632 S.W.2d 454 (Ky.Ct.App.1981); *Duvin v. State Dep't of Treasury*, 76 N.J. 203, 386 A.2d 842 (1978); *Valdez v. Lyman–Roberts Hosp., Inc.*, 638 S.W.2d 111 (Tex.Ct.App.1982); *see also Trujillo v. General Elec. Co.*, 621 F.2d 1084 (10th Cir.1980). Other states adhere to the rule that determination of whether an administrative agency has the power to reconsider or to vacate a final decision must be gleaned from the agency's enabling legislation and the specific functions and power of the agency. *Suryan v. Alaska Indus. Bd.*, 12 Alaska 571 (1950); *Koehn v. State Board of Equalization*, 166 Cal.App.2d 109, 333 P.2d 125 (1958); *Yamada v. Natural Disaster Claims Comm'n*, 54 Haw. 621, 513 P.2d 1001 (1973); *Olson v. Borough of Homestead*, 66 Pa.Commw. 120, 443 A.2d 875 (1982); *Hupp v. Employment Sec. Comm'n*, 715 P.2d 223 (Wyo.1986). In *Yamada* the court observed, "The weight

of authority requires that an administrative agency's power to reconsider final decisions be statutorily grounded, either stated expressly or inferred from a reading of the entire statute." *Yamada v. Natural Disaster Claims Comm'n,* 54 Haw. at 626, 513 P.2d at 1004.

New Mexico follows the latter approach, holding that in the absence of an express grant of authority, the power of any administrative agency to reconsider its final decision exists only where the statutory provisions creating the agency indicate a legislative intent to permit the agency to carry into effect such power. *See Kennecott Copper Corp. v. Employment Sec. Comm'n,* 78 N.M. 398, 432 P.2d 109 (1967). Reconsideration generally involves reexamination of the issues involved. *See Kerr–McGee Nuclear Corp. v. New Mexico Envtl. Improvement Bd.,* 97 N.M. 88, 637 P.2d 38 (Ct.App.1981).

■ Section 52–5–5(C) expressly provides that after receipt of the recommended disposition of the director, each party shall notify the director of the acceptance or rejection of the recommendation and "[a] party failing to notify the director waives any right to reject the recommendation *and is bound conclusively by the * * * recommendation unless, upon application made to the director within thirty days after the * * * deadline, the director finds that the party's failure to notify was the result of excusable neglect.*" (Emphasis added.)

As observed in 73 A.L.R.2d 939 at 956, "The fact that a statute creating an administrative agency provides that its determination shall be 'final and conclusive' has been held an indication of legislative intent not to confer upon the agency the power to reconsider its determinations." *See Magma Copper Co. v. Arizona State Tax Comm'n,* 67 Ariz. 77, 191 P.2d 169 (1948) (provision for appeal conclusive evidence legislature intended administrative decision to be final and appeal the exclusive remedy); *see also Ex Parte Baldwin County Comm'n v. Alabama Envtl. Management Comm'n,* 526 So.2d 564 (Ala.1988); *Heap*

*v. City of Los Angeles,* 6 Cal.2d 405, 57 P.2d 1323 (1936).

We conclude that a party may move that his prior written acceptance of the prehearing officer's informal resolution be set aside or withdrawn upon a showing of good cause. However, we interpret the language of Section 52–5–5(C) as indicating a legislative intent that a time limit exist on the authority of the director to vacate or modify a recommended disposition, thus requiring (1) a showing of good cause, and (2) that the motion for reconsideration was made within thirty days following receipt by the parties of the hearing officer's proposed informal recommendation.

■ As shown by the record, claimant filed her motion for reconsideration and for permission to reject the recommendation of the director approximately nine weeks after she had previously filed a written acceptance of the recommendation. Under these facts claimant's motion to withdraw her written acceptance was not timely and the director properly denied the motion.

The decision of the hearing officer is affirmed.

IT IS SO ORDERED.

ALARID, J., concurs.

APODACA, J., specially concurs.

APODACA, Judge, specially concurring.

I concur in the majority opinion except for the holding that claimant's attempt to withdraw her prior written acceptance of the informal resolution was not timely under NMSA 1978, Section 52–5–5(C) (Repl. Pamp.1987). In my view, that statute applies only to a situation where a party has failed to notify the director of acceptance or rejection of the recommendation. Here, claimant did not fail to notify the director; instead, she filed an acceptance. Consequently, this case does not fall within the provisions of Section 52–5–5(C).

Rather, claimant's motion to withdraw her written acceptance was properly denied because there is no provision for reconsidering a Workers' Compensation Division

prehearing officer's recommended resolution. Claimant argues that her motion is analogous to a motion under SCRA 1986, 1–060(B). However, the legislature repealed the statute that applied the rules of civil procedure to workers' compensation proceedings, *see* 1986 N.M. Laws, chapter 22, section 102 (repealing NMSA 1978, Section 52–1–34), and gave authority to the Division to promulgate its own rules and regulations. *See* NMSA 1978, § 52–5–4 (Repl.Pamp.1987). Although the Division could have provided for a procedure analogous to a motion under Rule 1–060(B), it has not done so. In the absence of a Division rule or regulation providing a procedure for reconsidering recommended resolutions, claimant's motion was properly denied. The decision of the hearing officer must be affirmed on these grounds.