FRANK F. DUVIN, APPELLANT-RESPONDENT, v. STATE OF NEW JERSEY, DEPARTMENT OF THE TREASURY, PUBLIC EMPLOYEES' RETIREMENT SYSTEM, RESPONDENT-PETITIONER.

Argued February 22, 1978—Decided May 9, 1978.

204

*Mr. Stacy L. Moore, Jr.,* Deputy Attorney General, argued the cause for appellant ,(*Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Mr. John J. Degnan,* Attorney General of New Jersey, attorney).

*Mr. William J. McNichol* argued the cause for respondent.

The opinion of the court was delivered by

SULLIVAN, J. This is a pension case. Respondent Frank F. Duvin commenced employment with the City of Trenton, Department of Public Safety, in December 1950. He became a member of the Public Employees' Retirement System (PERS) in January 1955, receiving retirement credits for his prior years of employment with the City.

In November 1975, respondent filed an application with PERS for an early retirement allowance pursuant to *N. J. S. A.* 43:15A–41. His application, after processing, was approved by the Board of Trustees (Board) and he was retired effective January 1, 1976.

On July 16, 1976 respondent sought to file an application with PERS seeking accidental disability retirement pursuant to *N. J. S. A.* 43:15A–43 in lieu of the early retirement allowance he was then receiving.[1] By letter dated August 25, 1976, the Board notified respondent that it was affirming the administrative determination which denied the eligibility of respondent to file for accidental disability retirement. The basis for the determination was that respondent had been retired since January 1, 1976 and was no

---

[1]Accidental disability retirement pays substantially higher benefits than an early retirement allowance.

longer an active member of PERS "which is required for eligibility to file for a retirement benefit."

The Board gave no consideration to the question of whether it could or should, for good cause shown, reopen its previous grant of early retirement allowance to respondent and permit him to file for accidental disability retirement.

 On appeal by respondent, the Appellate Division reversed. 149 *N. J. Super.* 289 (1977). It held that respondent's July 16, 1976 application was filed while he was still a statutory member of PERS since it was filed within two years of his discontinuance of service. The Appellate Division focused on *N. J. S. A.* 43:15A–7(e) which provides:

e. Membership of any person in the retirement system shall cease if he shall discontinue his service for more than 2 consecutive years.

In substance, the Appellate Division ruled that by virtue of *N. J. S. A.* 43A:15A–7(e), respondent's membership in PERS continued for two years after he discontinued his service. It therefore directed the Board to accept respondent's application for accidental disability retirement and to consider such application on the merits.

This Court granted certification, 75 *N. J.* 520 (1977), to consider the contention of the Division of Pensions, that the Appellate Division ruling that membership in the retirement system continued for up to two years after retirement was ruinous to the orderly administration of all State-administered retirement systems.

We conclude that the legislative plan as set forth in the statute is that membership in PERS terminates upon retirement. For example, *N. J. S. A.* 43:15A–57.2 provides for re-enrollment of a "former member" of the retirement system, retired for any cause other than disability, if such person becomes employed again in a position which makes him eligible to be a member of the retirement system. In such case, "his retirement allowance and the right to any death benefit as a result of his former membership shall be

canceled until he again retires." *N. J. S. A.* 43:15A–44(b) makes similar provision for one retired for disability.

We read *N. J. S. A.* 43:15A–7(e), relied on by the Appellate Division, as referring only to members of PERS who have left public employment for reasons other than retirement. In such case, Section 7(e) terminates the account of these members if the discontinuance of service extends more than two consecutive years. However, where a member of PERS retires and is in receipt of a retirement allowance or disability benefits, Section 7(e) is inapplicable and his membership in PERS terminates immediately.

While we agree with PERS that respondent's application for accidental disability benefits was filed at a time when respondent had ceased to be a member of PERS, this is not fully dispositive of the matter. The July 16 application, in essence, sought to reopen the previous application for early retirement which had been approved by the Board and to change the basis for his pension from early retirement to accidental disability retirement which, as noted, would pay substantially higher benefits.

In *Skulski v. Nolan,* 68 *N. J.* 179 (1975) and in *Ruvoldt v. Nolan,* 63 *N. J.* 171 (1973) we upheld the power of a pension board to reopen pension proceedings after a pension has been granted. These rulings were bottomed on the inherent power of an administrative agency, in the absence of legislative restriction, to reopen or to modify and to rehear orders previously entered by it. *Burl. Cty. Evergreen Pk. Mental Hosp. v. Cooper,* 56 *N. J.* 579 (1970). Of course the power should be invoked only for good cause shown. Also, it must be exercised reasonably, and application seeking its exercise must be made with reasonable diligence. *Skulski, supra,* 68 *N. J.* at 195–196. In a similar vein, it was noted in *Handlon v. Belleville,* 4 *N. J.* 99, 106–107 (1950),

Barring statutory regulation, the power may be invoked by administrative agencies to serve the ends of essential justice and the policy of the law. But there must be reasonable diligence.

We do not find in *N. J. S. A.* 43:15A–1 *et seq.* a legislative restriction against the exercise of such inherent power by the PERS Board.

At the oral argument of this appeal, counsel for PERS admitted that the Board had not considered the July 16 application on this basis and did not strenuously object to a remand for such purpose.

Accordingly, the judgment of the Appellate Division is reversed and the matter remanded to the Board for consideration (with a hearing if the Board deems it necessary) of whether good cause is shown by respondent for reopening his original pension application and allowing him to claim accidental disability retirement in lieu of early retirement allowance. In addition to requiring a showing of good cause, the Board should also consider whether respondent, in his July 16 application, has acted with reasonable diligence.

If the Board determines that good cause has been shown and that respondent has acted with reasonable diligence, it should permit respondent to file his application for accidental disability retirement benefits and consider it on the merits. We do not retain jurisdiction.

*For reversal and remandment*—Chief Justice HUGHES, Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER and Judge CONFORD—7.

*For affirmance*—None.