174 N.J. Super. 449 (1980)
416 A.2d 969
LINDA FARLEY AND PAMELA SHERMAN, COMPLAINANTS-RESPONDENTS,
v.
OCEAN TOWNSHIP BOARD OF EDUCATION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 28, 1980.
Decided June 16, 1980.
*450 Peter F. Shebell, Jr. argued the cause for appellant (Shebell & Schibell, attorneys; Pasquale Menna, on the brief).
Joseph F. Defino argued the cause for respondents (Morgan & Falvo, attorneys).
*451 Joseph M. Gorrell, Deputy Attorney General, argued the cause on behalf of Division on Civil Rights (John J. Degnan, Attorney General, attorney; Erminie L. Conley, Assistant Attorney General, of counsel).
Before Judges CRANE, MILMED and KING.
PER CURIAM.
Respondent appeals from an order of the Director of the Division on Civil Rights requiring respondent to pay each complainant sick leave pay for the period of disability between the birth of her child and the commencement of her maternity leave, plus interest. Respondent was also ordered to cease maintenance of its policy prohibiting teachers from utilizing accumulated sick days for pregnancy and pregnancy-related disabilities, in violation of the Law Against Discrimination, N.J.S.A. 10:5-12(a) and 10:5-4. Respondent contends that (1) it did not discriminate against complainants on the basis of sex, (2) the Director abused his discretion in reopening the hearing and (3) the Director improperly refused to enforce the provisions of the collective bargaining agreement.
Both complainants, tenured teachers employed by respondent, applied for and were granted unpaid maternity leaves of absence in accordance with the collective bargaining agreement in effect. However, each complainant gave birth early and sought to utilize her accumulated sick leave during the period of disability from the time she gave birth until the beginning of her maternity leave. Respondent maintained a policy of requiring pregnant teachers to choose between disability leave of absence, in which the teacher could utilize her accumulated sick leave but was required to return to work when able, or maternity leave of absence, an extended leave of absence without pay.
N.J.S.A. 10:5-4 and 10:5-12(a) prohibit discrimination in employment on the basis of sex, including discrimination in the "terms, conditions or privileges of employment...."
In Castellano v. Linden Bd. of Ed., 79 N.J. 407 (1979), the court held that a maternity leave policy which required a *452 teacher to take a one-year maternity leave without the right to use accumulated sick leave violated the Law Against Discrimination. The court affirmed the award of full back pay and reversed only as to the damages for pain and suffering. Id. at 410. Specifically holding that "the non-allowance of the use of accumulated sick leave during complainant's absence due to childbirth" constituted discrimination because of sex, the court said:
... A woman giving birth to a child becomes physically disabled and unable to attend to her teaching duties for that reason. It is discriminatory not to allow her to use her accumulated sick leave during that period of temporary disability, when it can be used for any other period of absence due to physical disability. [at 412-413]
In the instant case disability due to pregnancy and childbirth has been singled out for disparate treatment; teachers temporarily disabled due to reasons other than pregnancy are entitled to utilize their accumulated sick leave, notwithstanding the occurrence of the disability immediately prior to an unpaid leave of absence, in accordance with respondent's policy. Respondent's Superintendent of Schools Mahon asserted that the reason for respondent's policy was "the uniqueness of the disability" or "the unique circumstances surrounding this particular type of disability." This admission of "uniqueness" as the reason for the policy supports an inference that this policy, requiring the teacher to opt for either unpaid leave of absence or paid sick leave, applies to this situation only. Mahon explained that maternity leave must begin on the date of birth because "birth of the baby ... is really the purpose of the leave." However, he previously asserted that the purpose of maternity leave was "to have a period of time after the disability ... to begin rearing that child." Thus, the "birth of the baby" is not the purpose of the maternity leave; rather, the purpose of the extended unpaid leave of absence following childbirth is to rear the child. The period of disability resulting from the childbirth is separate, and a pregnant teacher should be entitled to both accumulated sick leave for the time in which she is actually disabled and maternity leave for the purpose of raising the child.
*453 We are not persuaded that the Director of the Division on Civil Rights abused his discretion in reopening the hearing. The Director sought additional evidence in order to compare respondent's treatment of teachers disabled due to pregnancy with respondent's treatment of teachers disabled for other reasons. This was necessary to determine whether discrimination on the basis of sex existed. Castellano v. Linden Bd. of Ed., supra, 79 N.J. at 412-413. Since an administrative agency may reopen, rehear and modify its own orders, Duvin v. State, 76 N.J. 203, 207 (1978), it may reopen a hearing prior to the entry of an order. See, also, N.J.A.C. 13:4-14.1.
Respondent's final argument, that the provisions of the collective bargaining agreement should have been enforced, is also without merit. That argument was specifically rejected by this court in Castellano v. Linden Bd. of Ed., 158 N.J. Super. 350, 358 (App.Div. 1978). Since the Supreme Court affirmed on that issue, 79 N.J. at 410, we are aware of no reason why we should depart from that view in the instant appeal.
Affirmed.