SYLLABUS

This syllabus is not part of the Court’s opinion. It has been prepared by the Office of the
Clerk for the convenience of the reader. It has been neither reviewed nor approved by the
Court. In the interest of brevity, portions of an opinion may not have been summarized.

 Christine Minsavage v. Board of Trustees, Teachers’ Pension and Annuity Fund
 (A-48-18) (081507)

Argued September 9, 2019 -- Decided October 24, 2019

PER CURIAM

 The issue in this appeal is whether a widow can modify the retirement application
of her recently deceased husband, who was a member of the Teachers’ Pension and
Annuity Fund (Pension Fund), even though his application was never approved because
he selected a retirement option for which he was ultimately ineligible.

 David and Christine Minsavage were married and had four children. David had
served as a math teacher for more than twenty-four years when he was diagnosed with
terminal stage IV pancreatic cancer in August 2014. In November 2014, following
advice allegedly provided by a New Jersey Education Association representative, David
selected the “early retirement” option on his retirement application. Early retirement
eligibility requires twenty-five years of teaching service.

 On April 9, 2015, David passed away, having accumulated just over twenty-four
years and nine months of teaching service over the course of his career. Less than two
weeks after David’s death, the Division of Pension and Benefits notified Christine that
David’s retirement application would not be approved because he had not completed
twenty-five years of teaching service. As a result, Christine was entitled only to
reimbursement of David’s pension contributions and a group life insurance benefit.
Because David did not live long enough to qualify for early retirement, his family would
have been entitled to greater benefits had he selected and qualified for “ordinary
disability,” rather than “early retirement,” on his retirement application. Christine sought
to modify David’s retirement application to select ordinary disability.

 The Board of Trustees of the Pension Fund (the Board) denied Christine’s request
on the ground that the Pension Fund’s “administrative regulations do not allow for
retroactive disability retirement applications, and become effective only on or after the
date of filing.” The Appellate Division affirmed, noting that Christine’s proofs “fell short
of establishing incapacitation” and that “[t]he plain language of N.J.A.C. 17:3-6.3
indicates it only applies to a retirement application the Board has already approved.”

 1
HELD: Neither membership nor prior approval of a retirement application is required
for modification of a retirement selection where good cause, reasonable grounds, and
reasonable diligence are shown. The Court remands this matter for further proceedings to
allow petitioner Christine Minsavage the opportunity to argue in favor of modification
under that standard.

1. Pension statutes should be liberally construed and administered in favor of the persons
intended to be benefited thereby. For nearly seven decades the Court has maintained that
the power to reopen proceedings may be invoked by administrative agencies to serve the
ends of essential justice and the policy of the law. That principle applies equally to the
right to amend a retirement application. That a pensioner is not a member of the Pension
Fund when attempting to modify a retirement application does not on its own preclude
such modification, and beneficiaries have been allowed to change the retirement
application of a deceased member of the public pension systems. Additionally, the
common law “establishe[s] that the Board may honor a pensioner’s request to reopen her
retirement selection” upon “a showing of good cause, reasonable grounds, and reasonable
diligence” even “after it is due and payable.” Steinmann v. Dep’t of Treasury, 116 N.J.
564, 573 (1989); Duvin v. Bd. of Trs., PERS, 76 N.J. 203, 207 (1978). Therefore,
notwithstanding N.J.A.C. 17:3-6.3(a)’s reference to the period before an allowance
“becomes due and payable,” an application for pension benefits may be amended whether
or not pension benefits are due and payable upon the proper showing. (pp. 5-8)

2. Here, the Board acted unreasonably by denying Christine’s request to modify David’s
retirement application upon its stated grounds. The interests of justice and a liberal
reading of the applicable pension laws require that Christine be given an opportunity to
prove at a hearing that she exercised reasonable diligence and seeks to modify David’s
retirement selection for good cause upon reasonable grounds. (pp. 8-9)

 The judgment of the Appellate Division is REVERSED and the matter is
REMANDED to the Board for further proceedings.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON,
FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.

 2
 SUPREME COURT OF NEW JERSEY
 A-48 September Term 2018
 081507

 Christine Minsavage for
 David Minsavage (deceased),

 Petitioner-Appellant,

 v.

 Board of Trustees, Teachers’
 Pension and Annuity Fund,

 Respondent-Respondent.

 On certification to the Superior Court,
 Appellate Division.

 Argued Decided
 September 9, 2019 October 24, 2019

John C. Kelly argued the cause for appellant (McCarter &
English, attorneys; John C. Kelly, of counsel and on the
briefs).

Amy Chung, Deputy Attorney General, argued the cause
for respondent (Gurbir S. Grewal, Attorney General,
attorney; Melissa H. Raksa, Assistant Attorney General,
of counsel, and Christopher Meyer, Deputy Attorney
General, on the brief).

 PER CURIAM

 1
 The issue in this appeal is whether a widow can modify the retirement

application of her recently deceased husband, who was a member of the

Teachers’ Pension and Annuity Fund (Pension Fund), even though his

application was never approved because he selected a retirement option for

which he was ultimately ineligible. We hold that neither membership nor prior

approval of a retirement application is required for modification of a

retirement selection where good cause, reasonable grounds, and reasonable

diligence are shown, and we remand this matter for further proceedings to

allow petitioner Christine Minsavage the opportunity to argue in favor of

modification under that standard.

 I.

 The appellate record reveals that David and Christine Minsavage were

married and had four children. David had served as a math teacher at Hanover

Park High School for more than twenty-four years when he was diagnosed

with terminal stage IV pancreatic cancer in August 2014. In November 2014 ,

following advice allegedly provided by a New Jersey Education Association

representative, David selected the “early retirement” option on his retirement

application. Early retirement eligibility requires twenty-five years of teaching

service. N.J.S.A. 18A:66-113.1.

 2
 David’s cancer developed rapidly, and he stopped teaching in mid-

December 2014. On April 9, 2015, David passed away. Because the school

listed his last day of teaching service as the day before he died, David

accumulated just over twenty-four years and nine months of teaching service

over the course of his career.

 Less than two weeks after David’s death, the Division of Pension and

Benefits notified Christine that David’s retirement application would not be

approved because he had not completed twenty-five years of teaching service

when he died; had he lived to teach until July 1, 2015, David would have been

eligible for early retirement. Had David qualified for and chosen early

retirement, his beneficiary -- his widow Christine -- would have received

$3,423.06 each month. Because David did not qualify for his retirement

selection, Christine was entitled only to reimbursement of David’s pension

contributions and a group life insurance benefit.

 Because David did not live long enough to qualify for early retirement,

his family would have been entitled to greater benefits had he selected and

qualified for “ordinary disability,” rather than “early retirement,” on his

 3
retirement application. 1 On June 15, 2015, Christine sought to modify David’s

retirement application to select ordinary disability rather than early retirement.

 The Board of Trustees of the Pension Fund (the Board) denied

Christine’s request on the ground that the Pension Fund’s “administrative

regulations do not allow for retroactive disability retirement applications, and

become effective only on or after the date of filing.” (citing N.J.A.C. 17:3-

6.1(f)(5)). The Appellate Division affirmed, holding that it could not “rely on

[Christine’s] hindsight to permit her to alter or amend [David’s] retirement

application” because her proofs “fell short of establishing incapacitation” and

because “[t]he plain language of N.J.A.C. 17:3-6.3 indicates it only applies to

a retirement application the Board has already approved.”

 The Attorney General asks this Court to affirm the Appellate Division’s

decision, arguing on behalf of the Board that because David’s Pension Fund

membership terminated upon his death, he cannot now submit a new or

modified retirement application. The Attorney General further asserts that

because David’s application was never approved and thus never became due

and payable, his application cannot be modified.

1
 Whether David would have qualified for ordinary disability is a question this
Court leaves to be resolved on remand. The record does not specify the value
of entitlements his family would have received if David had selected and
qualified for ordinary disability on his retirement application.
 4
 We reject the Attorney General’s contention that the right to reopen a

retirement application for good cause never extends to those for whom benefits

never became due and payable because they selected a retirement option for

which they were not yet eligible. Neither membership nor prior approval of a

retirement application is necessary to modify an application where good cause,

reasonable grounds, and reasonable diligence are shown.

 II.

 We begin by recognizing that “[a] primary objective in establishing

[pensions] is to induce able persons to enter and remain in public employment,

and to render faithful and efficient service.” Geller v. Dep’t of Treasury, 53

N.J. 591, 597 (1969); accord In re Van Orden, 383 N.J. Super. 410, 421 (App.

Div. 2006). Thus, pension statutes “should be liberally construed and

administered in favor of the persons intended to be benefited thereby .”

Steinmann v. Dep’t of Treasury, 116 N.J. 564, 572 (1989) (quoting Geller, 53

N.J. at 597-98); see also Fiola v. Dep’t of Treasury, 193 N.J. Super. 340, 347

(App. Div. 1984) (“It is virtually axiomatic that statutory pension provisions

are to be liberally construed in favor of public employees . . . .”).

 Accordingly, for nearly seven decades this Court has maintained that

“[t]he power to reopen proceedings ‘may be invoked by administrative

agencies to serve the ends of essential justice and the policy of the law. ’” In re

 5
Van Orden, 383 N.J. Super. at 419 (quoting Handlon v. Town of Belleville, 4

N.J. 99, 107 (1950)); accord Duvin v. Bd. of Trs., PERS, 76 N.J. 203, 207

(1978). That principle applies equally to the right to amend a retirement

application.

 Generally, a “member shall have the right to withdraw, cancel, or change

an application for retirement at any time before the member’s retirement

allowance becomes due and payable by sending a written request signed by the

member.” N.J.A.C. 17:3-6.3(a) (emphases added). “A member’s retirement

allowance shall not become due and payable until 30 days after the date the

Board approved the application for retirement . . . .” N.J.A.C. 17:3-6.2.

 Although Pension Fund “[m]embership of any person shall cease . . . at

death,” N.J.S.A. 18A:66-7(e), this Court has long held that membership is not

a necessary condition of the right to modify a retirement application , see

Duvin, 76 N.J. at 207 (“While we agree with PERS that respondent’s

application for accidental disability benefits was filed at a time when

respondent had ceased to be a member of PERS, this is not fully dispositive of

the matter.”). Accordingly, that a pensioner is not a member of the Pension

Fund when attempting to modify a retirement application does not on its own

preclude such modification. Ibid. By the same logic, beneficiaries have been

allowed to change the retirement application of a deceased member of the

 6
public pension systems. See Bumbaco v. Bd. of Trs., PERS, 325 N.J. Super.

90 (App. Div. 1999).

 Additionally, our common law “establishe[s] that the Board may honor a

pensioner’s request to reopen her retirement selection” upon “a showing of

good cause, reasonable grounds, and reasonable diligence” even “after it is due

and payable.” Steinmann, 116 N.J. at 573; see Duvin, 76 N.J. at 207; see also

Harris ex. rel. Harris v. Bd. of Trs., PERS, 378 N.J. Super. 459, 462-66 (App.

Div. 2005) (tolling the pension modification period to permit a widower to

modify his late wife’s pension in light of her incapacity during that period).

Therefore, notwithstanding N.J.A.C. 17:3-6.3(a)’s reference to the period

before an allowance “becomes due and payable,” an application for pension

benefits may be amended whether or not pension benefits are due and payable

upon the proper showing.

 Furthermore, although past cases invoking good cause to reopen

retirement applications involved approved applications, we have never held

that a retirement selection cannot be modified unless the application has been

approved. See Steinmann, 116 N.J. at 572-73; Duvin, 76 N.J. at 207. To the

contrary, a retirement application, whether approved or not, may be reopened

and modified upon a showing of good cause, reasonable grounds, and

reasonable diligence.

 7
 The pensioners in Steinmann and Duvin selected sub-optimal retirement

options. Steinmann, 116 N.J. at 565; Duvin, 76 N.J. at 205-06. This Court

held that the Steinmann pensioner had shown good cause for amending her

pension designation and should have been permitted to do so, 116 N.J. at 577-

78, and that the Duvin pensioner should have the opportunity at further

proceedings to show good cause “for reopening his original pension

application and allowing him to claim accidental disability retirement in lieu of

early retirement allowance,” 76 N.J. at 208.

 Here, Christine claims that David was mistaken when he selected the

“early retirement” option for which he was ultimately ineligible and that he

was incapacitated from amending his selection thereafter. Because of this

alleged mistake and incapacity, the Board would have the Minsavages receive

only a nominal benefit from the Pension Fund to which David contributed for

297 months.

 We conclude the Board acted unreasonably by denying Christine’s

request to modify David’s retirement application upon its stated grounds. See

In re Stallworth, 208 N.J. 182, 194 (2011) (noting that agency decisions are

subject to reversal if they are “arbitrary, capricious, or unreasonable”). In the

case at hand, the interests of justice and a liberal reading of the applicable

pension laws require that Christine be given an opportunity to present evidence

 8
and prove at a hearing that she exercised reasonable diligence and seeks to

modify David’s retirement selection for good cause upon reasonable grounds.

Such proof must include evidence that David qualified for ordinary disability

retirement and that, but for his incapacity, he would have changed his

retirement selection to ordinary disability.

 III.

 The judgment of the Appellate Division is reversed and the matter remanded

to the Board for further proceedings consistent with this opinion.

 CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN,
PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this
opinion.

 9