**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1271-20

IN THE MATTER OF J.D.[1],
POLICE OFFICER (S9999U),
CITY OF BAYONNE.

_____

Argued January 31, 2022 – Decided February 23, 2022

Before Judges Sabatino and Mayer.

On appeal from the New Jersey Civil Service Commission, Docket No. 2020-1999.

Amie E. DiCola argued the cause for appellant J.D. (Fusco & Macaluso, PC, attorneys; Giovanna Giampa, on the brief).

Debra A. Allen, Deputy Attorney General, argued the cause for respondent New Jersey Civil Service Commission (Andrew J. Bruck, Acting Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Debra A. Allen, on the brief).

Jeffrey J. Berezny argued the cause for respondent City of Bayonne (Ruderman & Roth, LLC, attorneys; Jeffrey J. Berezny, on the brief).

---

[1] To maintain confidentiality, we identify petitioner using a pseudonym.

PER CURIAM

Petitioner J.D. (Doe) appeals from a November 27, 2020 final agency decision by respondent Civil Service Commission (Commission). The Commission denied Doe's application to reconsider or re-open his appeal, challenging removal of his name from the eligibility list for a position with respondent City of Bayonne (City) based on a psychological disqualification. Doe contends the Commission's decision is arbitrary, capricious, and unreasonable, and is not supported by the evidence. Based on the idiosyncratic facts and circumstances of Doe's appeal, we affirm.

The facts are undisputed. In August 2019, Doe's name was included on the list of candidates eligible to become a City police officer. On January 3, 2020, the City's Police Department Planning and Training Unit notified Doe his name would be removed from the list based on a psychological evaluation prepared by the Institute of Forensic Psychology (IFP) on the City's behalf. The IFP report deemed Doe psychologically unsuitable for a position with the City.

Three days after being notified of his removal from the eligibility list, Doe appealed to the Commission. In a February 7, 2020 letter, the Commission notified Doe, "the [City] [was] required to submit a complete psychological and/or psychiatric report which was the basis for [Doe's] disqualification . . .

within twenty (20) days from the date of [the Commission's letter]." Pursuant to N.J.A.C. 4A:4-6.5(e), Doe had ninety days from the date of his appeal to submit his own psychological report, prepared by a New Jersey licensed psychologist, explaining why he was psychologically qualified for the position.[2] However, nothing in the regulation tethered the ninety-days for submission of a rebuttal psychological report to Doe's receipt of the IFP's report.

Doe received the IFP report on March 17, 2020, more than twenty days after the City was supposed to provide the document. Doe contacted a psychologist to prepare a rebuttal report and scheduled an appointment to be evaluated on March 18. Due to the COVID-19 pandemic, six days prior to the scheduled appointment, the psychologist postponed the evaluation indefinitely. Doe then retained a different psychologist, Dr. Sarah DeMarco, who agreed to evaluate him on March 26.

After the March 26 evaluation meeting, Dr. DeMarco told Doe's attorney she "needed additional documents in order to properly write a report for [Doe]." Doe claimed the documentation was delayed due to the COVID-19 pandemic. In an April 3, 2020 email to the Commission, Doe's attorney sought an extension

---

[2] The ninety-day period for Doe's submission of a rebuttal psychological report expired on April 3, 2020.

A-1271-20

of time to submit a rebuttal psychological report due to the delay in obtaining documents requested by Dr. DeMarco. The Commission agreed to a forty-five day extension of the deadline for submission of Dr. DeMarco's report until May 21, 2020.

On May 19, Doe requested another extension of the deadline to submit a report because Dr. DeMarco sought certain hospital records to "properly write her report."[3] The Commission extended the deadline for Doe's rebuttal psychological report another forty-five-days, until July 6, 2020. At this same time, Doe also requested a 2018 psychological evaluation prepared by the IFP related to his application for a position with the State Police. On August 3, 2020, the IFP advised it could not release the 2018 report.

In an August 25, 2020 letter, the Commission informed Doe it closed his appeal file. According to the Commission's letter, despite having been granted a ninety-day extension to submit a rebuttal psychological report, Doe failed to submit any report "refut[ing] the findings of the [City's] pre-employment psychological examination." In the absence of any counter psychological

---

[3] Doe requested his records from the hospital on March 30, 2020. However, he did not receive the requested records until June 30, 2020

evaluation and report, the Commission declined to take further action on Doe's appeal.

One and one-half months after the Commission closed the appeal, on October 12, 2020, Doe filed a request for reconsideration. His request included an October 6, 2020 psychological report from Dr. DeMarco.

According to her October 6 report, Dr. DeMarco met with Doe on March 26 and October 1. She conducted a psychological evaluation of Doe and interviewed Doe's friends and family as part of her late submitted report. Dr. DeMarco concluded "there is no compelling data that rises to a level of clinical significance that would indicate [Doe] is not at least minimally psychologically suitable for the position at this time." Dr. DeMarco opined "it is clear that [Doe] is psychologically suitable to move forward."

In requesting the Commission reconsider his appeal, Doe explained that "COVID-19 create[d] an unprecedented situation in terms of getting medical records." Notably, Doe's two extension requests never mentioned Dr. DeMarco's need to obtain the 2018 IFP report to complete her rebuttal psychological report. Doe claimed his attorney made several requests to the IFP in August 2020, to obtain its 2018 report relating to Doe's psychological

A-1271-20

evaluation for a position with the State Police.[4] Doe also claimed only he would suffer prejudice if the Commission declined to reconsider or re-open his appeal.

The Commission deemed Doe's letter to be a request to relax the requirements of N.J.A.C. 4A:4-6.5(e) for good cause and re-open his appeal. On November 27, 2020, the Commission denied Doe's request. The Commission explained the timeframes for submission of a psychological report to rebut a report obtained by the appointing authority "were designed to facilitate the opportunity for the parties to establish a contemporaneous record of an eligible's medical or psychological condition at the time of appointment for the Commission to consider."

The Commission further explained the time period for filing a rebuttal psychological report could be extended for good cause under N.J.A.C. 4A:4-6.5(f) and Governor Murphy's Executive Orders signed during the COVID-19 pandemic. Pursuant to Paragraph 6 of the Governor's Executive Order No. 103, the Commission "approved various emergency adoptions of temporary rule relaxations and modifications to N.J.A.C. 4A with respect to timeframes associated with administrative appeals." The Commission explained, "N.J.A.C.

---

[4] According to the record, the IFP could not release its 2018 report because the document was the property of the referring agency.

4A:4-6.5(e) was modified to include the good cause provision found in N.J.A.C. 4A:4-6.5(f)." According to the Commission, "[e]ffective April 9, 2020, the regulation was modified and state[d] that '[t]he appellant may submit to the [Commission] a report from a New Jersey licensed physician, psychologist, or psychiatrist of his or her own choosing, which must be submitted within [ninety] calendar days, which may be extended for good cause, of the filing of his or her appeal to the [Commission].'"

The Commission also explained the need to strictly enforce the timeframes governing the psychological review process. According to the Commission, if "a candidate was improperly rejected for the position, the remedy provided is a mandated appointment to the position with a retroactive date of appointment for seniority and salary step purposes."

In reviewing the good cause exception for relaxing the time requirements for submission of Doe's rebuttal psychological report, the Commission found Doe received two requested extensions – on April 3 and May 19 – because he "provided good cause reasons for [those] initial extensions." Doe had ninety calendar days, until July 6, 2020, to submit his report and "did not do so until October 12, 2020 at which time he requested another extension to submit his report for good cause."

The Commission stated it required good cause to grant a third extension and consider Doe's appeal. The agency noted "under certain circumstances, good cause could be established if an evaluation occurred prior to the due date and, through no fault of the appellant, the report was issued late and not forwarded to this agency."

The Commission concluded Doe failed to establish such circumstances. The Commission determined Doe had "sufficient opportunity to pursue his appeal in light of the havoc that has been caused by the COVID-19 pandemic." The Commission found Doe "failed to show good cause to further extend [the] time period and accept Dr. DeMarco['s] report."

The Commission also determined it would be prejudicial to the City and any current police officers to allow Doe's appeal to proceed because "the remedy provided to successful appellants in psychological disqualification cases is a mandated appointment to the position with a retroactive date of appointment for seniority and salary step purposes." In the event a position for Doe was unavailable, the Commission explained "the last employee hired must be displaced."

On appeal, Doe argues the Commission's decision was "arbitrary, capricious, and unreasonable given constraints due to COVID-19." He seeks

reconsideration of the Commission's decision and an opportunity to proceed with his appeal regarding removal of his name from the eligibility list for a position as a City police officer based on a psychological disqualification. We disagree.

We first address whether the Commission had the authority to re-open or reconsider Doe's appeal. Administrative agencies have the "inherent power . . . in the absence of legislative restriction, to reopen or to modify and to rehear orders previously entered by it."[5] Duvin v. State, Dep't of Treasury, Pub. Emp. Ret. Sys., 76 N.J. 203, 207 (1978). This power may be invoked by administrative agencies upon a showing of "good cause." In re Van Orden, 383 N.J. Super. 410, 419 (App. Div. 2006).

We find no flaw in the Commission's consideration of Doe's application regardless of the nomenclature accompanying his request. Whether couched as a motion for reconsideration or a motion to re-open an appeal, the Commission correctly considered whether Doe established good cause for a third extension

---

[5] In addressing agency determinations, courts employ the words "reconsideration" and "reopen" interchangeably. Compare Duvin v. State, Dep't of Treasury, Pub. Emp. Ret. Sys., 76 N.J. 203, 207 (1978) to Handlon v. Town of Belleville, 4 N.J. 99, 106 (1950).

of time to file his rebuttal psychological report and have the matter reviewed on the merits.

We next consider whether the Commission erred in denying Doe's application to re-open or reconsider his appeal. Our scope of review of an administrative agency's final determination is limited. Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Herrmann, 192 N.J. 19, 27-28 (2007). The burden of proving a decision was arbitrary, capricious, or unreasonable is on the party challenging the agency action. Lavezzi v. State, 219 N.J. 163, 171 (2014).

Here, Doe failed to make the required showing of good cause to proceed with his appeal. Neither Doe nor Dr. DeMarco provided any explanation why the rebuttal psychological report could not have been prepared before the Commission's twice-extended deadline and the closure of Doe's appeal on August 25, 2020.

Dr. DeMarco evaluated Doe on March 26, 2020. Yet, Dr. DeMarco did not prepare a written report until almost three months after the July 6 due date. Significantly, Dr. DeMarco failed to provide a certification or affidavit

explaining why she needed to meet with Doe a second time on October 1, 2020 or why she was unable to complete her report prior to July 6, 2020.[6]

Doe applied for and received two good cause extensions from the Commission for submission of Dr. DeMarco's rebuttal report. He offers no reason why he failed to request a third good cause extension until after the Commission closed his appeal.

Dr. DeMarco received Doe's hospital records on June 30, prior to the July 6 extended due date for her report. At a minimum, Doe could have requested another good cause extension of the July 6 deadline. Alternatively, Dr. DeMarco could have submitted a timely report with the information available to her and reserved the right to supplement the report when additional information became available.[7]

Aside from finding Doe failed to present good cause for an extension of time to submit a rebuttal psychological report, the Commission noted Doe's request to re-open or reconsider his appeal could result in prejudice to innocent

---

[6] At oral argument, Doe's counsel stated Dr. DeMarco maintained a busy schedule throughout the COVID-19 pandemic.

[7] Not only did Dr. DeMarco included such a caveat in her October 6, 2020 report, she also submitted the report without having reviewed the 2018 IFP report to opine on Doe's psychological suitability for a position with the City.

A-1271-20

third parties, namely any police officer hired by the City after Doe's removal from the eligibility list.[8] The Commission determined the City's current police officers could be displaced and suffer resulting prejudice because "the remedy provided to successful appellants in psychological disqualification cases is a mandated appointment to the position with a retroactive date of appointment for seniority and salary step purposes."

We are satisfied the Commission appropriately weighed and considered the potential prejudice to employees of the City's police department appointed after Doe's removal from the eligibility list in denying Doe's application. In fact, during oral argument, Doe's attorney agreed current employees in the City's police department could be displaced in the event Doe's appeal was re-opened and he was successfully declared psychologically suitable for a position.

Having reviewed the record, applying these specific facts, we find no basis to reverse the Commission's decision. Doe failed to demonstrate the Commission's determination was arbitrary, capricious, or unreasonable. The

---

[8] During oral argument, Doe's attorney agreed individuals hired after Doe's removal from the eligibility list could be prejudiced if Doe succeeded on the merits of his appeal. However, counsel asserted the prejudice suffered by Doe outweighed the possible prejudice to any current officers in the City's police department.

Commission's decision that Doe failed to proffer good cause for a third extension of the deadline to submit a rebuttal psychological report is supported by sufficient credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1271-20